BOARD OF COUNTY COMMISSIONERS OF GREER COUNTY, OKLAHOMA, V. A. A. GREGORY AND R. J. EDWARDS.

(Filed February 11, 1905.)

1. MUNICIPAL OFFICERS—Presumption as to. Municipal officers are presumed to act within the scope of their powers until the contrary appears.

2. MUNICIPAL WARRANT—Presumption as to—Burden of Proof. Municipal warrants, valid upon their face, are presumed to be is-

sued for a lawful corporate purpose and the burden of proof in this case was upon the municipality to show that they were issued for a purpose concerning which the municipality had no power to contract.

(Syllabus by the Court.)

*Error from the District Court of Greer County; before James K. Beauchamp, Trial Judge.*

*Charles M. Thacker, County Attorney,* for plaintiff in error.

*Shartel, Keaton & Wells,* for defendant in error.

Opinion of the court by

HAINER, J.: This was an action brought by A. A. Gregory against the plaintiff in error, to recover upon a number of county warrants. The petition contains eight counts. Pending the action Gregory assigned his interest in said action to R. J. Edwards, who was thereupon substituted as plaintiff in said action, and is made here one of the defendants in error. Judgment was rendered in favor of Edwards for the sum of $813.00, the face value of the warrants, without interest. From this judgment the plaintiff in error brings the case here for review.

The only question argued in the brief of counsel for plaintiff in error is, that the court erred in rendering judgment upon the warrants sued on in the second count of the petition. In this count it was alleged that twelve warrants, aggregating the sum of $394.75, copies of which warrants were attached to and made a part of the petition, were for valuable and just consideration, executed and delivered to one G. H. Eubanks, county attorney of said county, at that time, Greer county, Texas, by the commissioners of said Greer county, Texas, and were presented to the treasurer of

Vol. 15—14.

said county, and not paid for want of funds. That after said county was transferred and made a part of Oklahoma, as Greer county, Oklahoma, application was made to the board of county commissioners of Greer county, Oklahoma, to make provision for the payment of said warrants, but said board of county commissioners failed and refused to make any provision for the payment of said warrants. To this count of the plaintiff's petition, the defendant set up as a defense that the commissioners' court of Greer county, Texas, had no power or authority to issue said warrants to said Eubanks, as county attorney of said county, and therefore said warrants were *ultra vires*, and void

Upon the trial it was agreed that the court might take judicial knowledge of all the laws of the state of Texas, and that neither party to said action should be required to plead or prove any statute or other law of the State of Texas. Art. 5, sec. 21, of the constitution of the State of Texas provides as follows:

"County attorneys shall receive as compensation only such fees, commissions and perquisites as may be prescribed by law."

It appears that under the laws of the state of Texas, at the time these warrants were issued, no provision had been made fixing the salary of county attorneys, but the statute provided that county attorneys should receive as compensation for their services, certain fees received in criminal cases, and in addition thereto county attorneys were entitled to a commission upon moneys collected for the state or county.

The record discloses that Eubanks, as county attorney, was authorized by the commissioners' court to bring suit for the interest due on certain school land notes, and that

he was to be allowed ten per cent. as attorneys fees for the collection of said notes.

We are unable to find anything in the constitution, statutes or decisions of the State of Texas which inhibited the commissioners' court from issuing the warrants in question.

The record in this case does not disclose the purpose for which these warrants in question were issued. That public officers are presumed to act within the scope of their powers, until the contrary appears, is fundamental; and in this case it will be presumed that the commissioners' court issued the warrants in question for a legal purpose.

In the case of *Board of Commissioners of Custer County v. De Lana,* 8 Okla., 213, this court said:

"The law presumes that, when the officers of a municipality issue their obligations, such as litigation, are issued for lawful corporate purposes, and that they acted within the scope of their powers."

In Vol. 21, Am. & Eng. Enc. Law (2 ed.), p. 20, this doctrine is approved, and it is there declared that:

"There is a presumption in favor of the validity of warrants, and, in an action thereon, their introduction in evidence makes a *prima facie case* for the plaintiff, and the burden of proof is upon the municipal corporation to show that they were issued without consideration or in payment of an indebtedness which the corporation had no power to contract."

In the absence of any evidence to the contrary, it will be presumed that the warrants, which appear on their face to be valid, were issued for a lawful corporate purpose, and that the commissioners acted within the scope of their powers, and hence that the warrants were binding obligations.

No error appearing in the record, the judgment of the district court is affirmed.

Beauchamp, J., who presided in the court below, not sitting; all the other Justices concurring.