Cook v. City of Socorro et al., 22 N. M. 507.

[No. 1930.    May 12, 1917.]
# COOK v. CITY OF SOCORRO et al.

## SYLABUS BY THE COURT.

1. Where a municipal corporation has power to issue bonds upon a compliance with certain prerequisites, and the bonds are issued, they are prima facie valid obligations, and, as against a bona fide purchaser, the burden of proving want of performance of any of the prerequisites is upon the municipality, or the party attacking the validity of the bonds. Where a municipal corporation was incorporated under an act of the Legislature, which said act gave such corporations the power to issue bonds for the purchase or construction of waterworks upon certain conditions, and a subsequent act of the Legislature authorized municipal corporations to reincorporate under such later act and prescribed different conditions under which bonds for the construction or purchase of waterworks might be issued, and thereafter such municipal corporation issued its negotiable bonds for such purpose, the burden is upon the party attacking the validity of such bonds, where they have passed into the hands of innocent purchasers; to show, either that such city reincorporated under the later act, and that such bonds were not issued in compliance therewith, or that such bonds were not issued in conformity to the earlier act.        .    P. 515

2. Where a trial court inadvertently enters an order sustaining a demurrer to a pleading to which no demurrer has been filed, it is the duty of counsel to call the court's attention to the error so made, so that the same may be corrected, and where the record on appeal shows that an order was made by the trial court sustaining a demurrer to an answer to a counterclaim, where a demurrer was filed only to the reply, the appellate court will not consider an assignment of error based upon such order insofar as the answer to the counterclaim is concerned, where such mistake was not called to the attention of the trial court.        P. 517

·3. A plaintiff is not entitled to a default judgment against non-resident defendants, served only by constructive service,

in an action instituted to have certain bonds issued by a municipality adjudged null and void, and to enjoin the municipality from levying a tax to pay the interest and principal thereof.                                                    P. 518

Appeal from District Court, Socorro County, Mechem, Judge.

Action for injunction by George E. Cook against the City of Socorro, James G. Fitch, and others, in which only defendants James G. Fitch and J. C. Mayer appeared and answered, with counterclaim. Judgment dismissing the suit and awarding the relief prayed for in their counterclaim, and plaintiff appeals. Affirmed.

Catron & Catron of Santa Fe and M. C. Spicer of Socorro, for appellant.

As city acquired its powers from act 1880, S. 1, C. 39, L. 1884 had no application to it.

Socorro Co. v. Levitt, 4. N. M. 37, 12 Pac. 759; Sec. 1707 C. L. 1884; Terr. ex rel. Parker v. Mayor, 12 N. M. 177; Sec. 1692 C. L. 1884.

Amendment or reorganization without substantial compliance with statute is null and void.

28 Cyc. 242-243; Decorah v. Ballis, 25 Ia. 12; 1 McQuillan on M. Corps. No. 133; People v. Riverside, 5 Pac. 350; People v. Gunn, 24 Pac. 718.

Attempted compliance, followed by organization and transaction of business constitutes de facto corporation.

Gilhey v. How, 81 N. W. 120, 49 L. R. A. 483; Elliott on M. Corps No. 16.

Bonds contain no general recitals of issue.

Dixon County v. Field, 111 U. S. 83; Colma v. Eaves, 92 U. S. 484; School Dist. v. Stone, 106, U. S. 183.

Where signature of particular officer is required by statute on bonds, bonds without it are null and void.

2 Dillon on M. Corps. 5th ed. Sec. 932; Anthony v. Jasper Co. 101 U. S. 693; Bissel v. Spring Valley Tp. 110

U. S. 162; Northern Bank v. Porter Tp. 110 U. S. 608, 618; Merchants Bank v. Bergen Co. 115 U. S. 384, 390; Coler v. Clasburne Tp. 131, U. S. 162, 174; Young v. Claredon Tp. 132 U. S. 340, 342, 348; Weil, Roth & Co. v. Newbern (Tenn. 1912) 148, S. W. 680; Gardner School Dist. No. 87 (Okla. 1912) 126 Pac. 1018; 5 McQuillin on Municipal Corporations No. 2287 .

If bonds were void they cannot be ratified nor validated by estoppel.

Coler v. Bd. of Commsrs. 6 N. M. 118, 27 Pac. 619; Cowdrey v. City of Caneadea, 16 Fed. 532; Thomas v. Town of Lansing, 14 Fed., 618; Stebbins v. Perry County, 47 N. E., 1048; Norton v. Shelby County, 118 U. S. 425; Marsh v. Fulton, 10 Wall 676;; Parkersburg v. Brown, 106 U. S. 487; Lewis v. Shreveport, 108 U. S. 282; Merrill v. Monticello, 138 U. S. 673; Kelly v. Milan, 127 U. S. 139; Merrill v. Monticello, 138 U. S. 673; Katzenberger v. Aberdeen, 121 U. S. 172; Parkersburg v. Brown, 106 U. S. 487; Lewis v. City of Shreveport, 108 U. S. 282; Clarke v. Northampton, 105 Fed. 312, 120 Fed. 661.

Effect of recitals in bonds.

Dixon County v. Field, 111 U. S. 83; McQuillen No. 2343; 5 McClure v. Oxford Tp., 94 U. S. 429; 5 McQuillen No. 2329.

Persons who are not bona fide purchasers of bonds.

Villages etc., 98 N. W. 81; Wllesby v. Com., 63 S. E. 275; Wright v. East Riverside Nn. Co., 138 Fed., 313; Harshman v. Bates County, 92 U. S. 369; 5 McQuillen No. 2321; Bauh v. School Dist., 57 N. W. 1004; Bough v. Superior, 57 N. W. 787.

Validity of bonds cannot be determined in mandamus suit.

Terr. ex rel. Parker v. Mayor, 12 N. M. 177; Terr. ex rel Coler v. Commissioners, 14 N. M. 134; Supervisors v. ULS. 4 Wall. 435; Raton Water Works v. Raton, 9 N. M. 70; State etc. v. Board of Education, 18 N. M. 183.

Adjudication of validity of coupons does not affect bonds.

Debnam v. Chitty, 43 S. E. 3; Shell v. Carter Co., 42 S. W. 78; Schmidt v. Railroad Co., 84 S. W. 314; Comers v. Sutliff, 97 Fed. 270; Hickman v. Town of Fletcher, 195 Fed. 907; Grider v. Groff, 202 Fed. 685; United States v. Naldrett, 214 Fed. 895; McCullough v. Bank, 226 Fed. 309.

If bonds were issued without ordinance providing for levy for payment of principal and interest, they are void.

McCoy v. Briant, 53 Cal. 247; Sauer v. Town of Gillett, 78 Pac. 1068 (Colo.); Knox v. City of Baton Rouge, 36 La. An. 427; Lisso v. Parish, 29 La. An. 590; Wilson v. Shreveport, 29 La. An. 673; Keys v. St. Croix County, 83 N. W. 637 (Mich.); Brazoria County v. Youngstown, 80 Fed. 10; Quaker City Bank v. Nolan County, 66 Fed. 883; Nalle v. Austin, 42 S. W. 780; Wilkins v. City of Waynesboro, 42 S. E. 767.

Motion for default judgment should have been granted.

Walrath v. Co. Comsrs., 18 N. M. 101; Knopp v. Golden Cross, 121 Tenn. 226; 118 S. W. 390; Dodge v. Woolsey, 18 How. 331, 341; Pomeroy on Equity Jurisprudence, Sec. 1093; 2 Clark & Marshall on Priv. Cor. pages 1668-1671.

James G. Fitch of Socorro, pro se and attorney for J. C. Mayer.

Effect of recital in bonds.

Knox County v. Ninth Nat. Bank, 147 U. S. 91; Chicago, etc., R. R. Co., v. Dundy Co., 91 N. W. 554; Quinlan v. Green County, 205 U. S. 410, 51 L. 860; Green County v. Quinlan, 211 U. S. 582, 53 L. 335.

No showing made that act of 1880 not complied with. If there is any authority under which bonds might have been issued court will hold them valid.

5 McQuillan Mun. Corps. Sec. 2334; Johnson Co. v. January, 94 U. S. 202; Anderson County v. Beal, 113 U. S. 227.

Purchaser was not charged with notice that bonds were issued in pursuance of invalid act.

Evansville v. Dennett, 161 U. S. 434.

Recitals do not preclude inquiry as to whether there was other valid authority for the issue.

Cook v. City of Socorro et al., 22 N. M. 507.

Wilkes County v. Coler, 51 C. C. A. 399, 113 Fed. 721; Affirmed, 190 U. S. 107, 47 L. ed. 971; Beatrice v. Edminson, 54 C. C. A. 601, 117 Fed. 427; Schmidt v. Defiance, 117 Fed. 702; Affirmed Defiance v. Schmidt, 59 C. C. A. 159, 123 Fed. 1; Fernald v. Gilman, 123 Fed. 797; Truman v. Harmony, 198 Fed. 557; (Bond recited wrong vote.)

Presumption is that necessary proceedings to re-organize were taken.

Knox County v. Ninth Nat. Bank, supra; Bank of United States v. Dandridge, 12 Wheat, 64, 6 L. ed. 552; Ashley v. Presque Isle County, 8 C. C. A. 455, 60 Fed. 55.

Appellant cannot question legality of existence of corporation.

Ashley v. Presque Isle County, supra; Nat. Life Ins. Co. v. Board of Education, 10 C. C. A. 637, 62 Fed. 778; Speer v. Kearney County, 32 C. C. A. 101, 88 Fed. 749; City of Salem v. Young, 142 Mo. App. 160, 125 S. W. 857.

See also, People v. Maynard, 15 Mich. 463; People v. LaRue, 67 Cal. 526; Quint v. Hoffman, 103, Cal. 506, 27 Pac. 514; Hamilton v. San Diego County, 108, Cal. 273, 41 Pac. 305.

Bona fide holders are bona fide purchasers.

Pana v. Bowler, 107 U. S. 529, 27 L. ed. 424; Lexington v. Butler, 14 Wall. 282, 20 L. ed. 809; Chambers County v. Clews, 21 Wall. 317, 22 L. ed. 517; Montclair Twp. v. Ramsdell, 107 U. S. 160, 27 L. ed. 435; Douglas County vs. Bolles, 94 U. S. 104, 24 L. ed. 46; Marion County v. Clark, 94 U. S. 278, 24 L. ed. 59; Cromwell v. Sac. County supra; San Antonio v. Mehaffy, 96 U. S. 312, 24 L. ed. 816.

## STATEMENT OF FACTS.

This action was instituted in the court below by George E. Cook, a resident and taxpayer of the city of Socorro, against the city of Socorro, James G. Fitch et al., to enjoin the payment of principal and interest on certain municipal water bonds issued by the city of Socorro on

April 1, 1887. Of the defendants James G. Fitch and J. C. Mayer only appeared and answered. They also filed a counterclaim, in which they alleged that the present action was instituted by the plaintiff in collusion with the city of Socorro, and further alleged that the city was unlawfully misappropriating funds raised by taxation for the purpose of paying the principal and interest of such bonds, and an injunction was sought against the city, its officers and agents, to prevent it from continuing in its alleged misappropriation of the funds. Service was had on the other defendants, except the city of Socorro, by publication. Upon issue joined the case was tried by the court, which made certain findings of fact and conclusions of law, and thereupon entered its judgment dismissing said injunction suit and enjoining the city of Socorro and its officers and agents from diverting any of the funds raised for the payment of the principal and interest upon said water bonds. The facts upon which the injunction was sought by appellant may be briefly stated as follows: On April 1, 1887, the city of Socorro issued bonds bearing date of that day, to the amount of $30,000, in payment of the purchase price of a waterworks system for said city. Each bond was for the sum of $500, and was made payable to bearer 30 years after date with interest at 6 per cent per annum. Each bond contained the following recital:

"This bond is one of sixty, numbered from 1 to 60, inclusive, of like amount, tenor and date and is authorized by an act of the city council of Socorro, proposed on the 9th day of December, A. D. 1886. The said council being authorized by a vote of the legal voters of said city at a regular election at which the question of issuing the said bonds was duly voted upon. The result of said election being favorable to the issuing of said bonds in the amount of thirty thousand dollars on the terms and conditions herein set forth. The right to hold such election is vested in said city of Socorro by its articles of incorporation under and by virtue of the laws of the territory of New Mexico."

The bonds were signed by the mayor and under the word "countersigned" near the right-hand margin of the bond was the name of the city treasurer, signed as treas-

urer. Near the left hand appeared the words: "Attest,
J. F. Towle, City Clerk." The city of Socorro was in-
corporated on January 17, 1882, under an act of the ter-
ritorial Legislature approved February 11, 1880, entitled
"An act for the incorporation of cities," and its legality
as a municipal corporation was not legally questioned or
denied for a period of more than two years. The act under
which the city of Socorro was incorporated, being chap-
ter 1 of the Laws of 1880, provided that before a city
could issue bonds, the common council must be petitioned
by three-fourths of the legal voters of said city, and the
bonds when issued, must be signed by the mayor and coun-
tersigned by the clerk of said city. The recitals in the
bonds show that they were apparently issued under the
provisions of chapter 39 of the Laws of 1884, which act
does not require a petition to be presented before the
bonds are issued, but requires an election to determine
whether waterworks shall be constructed and the court
so found.

It appears from the evidence that for some time prior
to the year 1902, the city of Socorro refused to pay interest
on the bonds in question, and that during the said year
1902 one George Parker recovered two default judgments
against the city of Socorro for unpaid interest on 34 of
said water bonds. During the same year a peremptory
writ of mandamus was issued by the district court of
Socorro county against the mayor and city council of said
city, compelling them to make certain levies of taxes to
pay said judgments and unpaid interest coupons. This
case was appealed to the Supreme Court, being reported
in 12 N. M. 177, 76 Pac. 283, and in said appeal the ques-
tion of the validity of the said bonds was raised by the
said city, and it maintained that the waterworks bonds
were void under chapter 39 of the Laws of 1884. The
Supreme Court sustained the view taken by Mr. Fitch,
who was the attorney for George Parker on said appeal,
and held that the provisions of chapter 39, Laws 1884, did
not relate or apply to the city of Socorro, but that said
city derived all of its power and authority from the act

of 1880. The Supreme Court, therefore, did not pass upon the validity of said bonds, because no question was raised in said suit as to their validity under the act of 1880. The city of Socorro has been paying interest on the waterworks bonds since the year 1902, and has paid judgments recovered against said city for unpaid coupons due prior to that time, under a peremptory writ of mandamus issued by the district court of Socorro county. The evidence fails to show that the 2 bonds involved in this suit were included in the 34 involved in the case instituted by George Parker.

From the evidence introduced at the trial it appears that the records of the city of Socorro were destroyed by fire at some time after the year 1890. Appellants introduced no evidence showing the fact that the city did not reincorporate under the act of 1884, nor that the bonds were not legally issued under the act of February 11, 1880.

The court made certain findings of fact, in which it found that the bonds were issued by the city of Socorro under the power contained in chapter 39 of the Laws of 1884, but refused to find that the requirements of the act of February 11, 1880, had not been complied with. Among other findings the court made the following:

"(1) ' There is no evidence as to whether or not three-fourths of the legal voters of the city of Socorro petitioned the council of said city to contract the debt or loan for which said waterworks bonds were issued.

"(2) The court finds that there is no direct evidence as to whether or not an election was ever called or held to determine whether the city should abandon its organization under chapter 1, Laws 1880, and recognize under chapter 39, Laws 1884. But there is evidence, and the court finds therefrom, that since the month of January, 1886, and from thence continually up to the date of the commencement of this suit, the city of Socorro has in fact been organized under and in accordance with the provisions of chapter 39, Laws of 1884, and has during all of said period maintained such organization, and has had in office a mayor, a board of aldermen, styled city council, a city treasurer, city clerk, city marshal, and city attorney, elected or appointed at the times and in the manner provided by said chapter 39, Laws of 1884, and amendments thereto, and that in the exercise of the duties of their respective offices and in the enforcement of the corporate powers of said city, the said city officers have

proceeded in accordance with and been governed by the provisions of said chapter 39, Laws 1884; and the legality of said organization has not been legally denied or questioned for a period of more than 29 years prior to the commencement of this suit."

From the judgment dismissing the complaint and awarding defendants the relief prayer for in their cross-complaint, the appellant appeals.

### OPINION OF THE COURT.

ROBERTS, J. (after stating the facts as above). [1] The first proposition advanced by appellant upon which he relies for a reversal of the judgment of the court below is that the city of Socorro, on April 1, 1887, the date when the bonds in question were issued, acquired all of its power and authority to issue the municipal water-works bonds under chapter 1 of the Laws of 1880, and that chapter 39 of the Laws of 1884 had no application to the city of Socorro, and that said city did not derive any authority from said act to issue the bonds in question. This argument is based upon the assumption that the city of Socorro did not reincorporate under the provisions of chapter 39 of the Laws of 1884 and continued to exist as a corporation under the act of 1880.

The appellant in the court below offered no evidence showing that the city did not reincorporate under the act of 1884. Neither did he offer evidence to show that the precedent acts required under the act of 1880 for the issuance of bonds for the construction or purchase of water-works had not been complied with. Therefore the court properly upheld the validity of the bonds. It is a well settled rule of law that where a municipal corporation has power to issue bonds upon a compliance with certain prerequisites, and the bonds are issued, they are prima facie valid obligations, and, as against a bona fide purchaser, the burden of proving want of performance of any of the prerequisites is upon the municipality. 21 Ency. of Law, p. 76. The evidence in this case shows that Mr. Fitch was a bona fide holder of the bonds which he owned, and there is no showing that the other defendants are not likewise

bona fide holders. The burden was upon the appellant to establish the fact that the city of Socorro did not reincorporate under the act of 1884, because upon the face of the bond it appeared that the bond was issued under and by virtue of power conferred by said act, and it was shown in evidence that continuously from the time the bonds were issued in 1887 up to and including the time of the trial herein that the city of Socorro was pretending to be a city incorporated under said act, and, as such, exercising all powers and duties conferred upon it by this act. But it is not necessary for us to determine in this case under which of said acts the city of Socorro was incorporated and exercised the powers and functions of a municipal corporation at the time of the issuance of the bonds in question; for, if it be conceded that the necessary steps required on the part of the city to reincorporate under the act of 1884 had not been taken, and that the city continued as a corporation under the earlier act, it will be presumed, in the absence of evidence to the contrary, that all the requirements of the act of 1880 had been complied with relative to the issuance of said bonds, nothing appearing on the face of the bonds to the contrary. It is well settled that the contracts of public corporations, formally executed, will, in the absence of proof to the contrary, be presumed to be valid and to have been made with due authority In Abbott on Public Securities, at section 400, it is said:

"Assuming the existence of authority to issue the securities in connection with the condition that they do not show upon their face facts sufficient to charge the holder with notice of their invalidity or of irregularities in their issue, the possession of negotiable securities then in due form establishes in favor of the holder a prima facie case in an action upon them, and throws the burden of proof upon the one attacking their validity in respect to ownership, bona fide holding, consideration, proper execution, notice, and existence of all conditions necessary to enable him to maintain the action. This rule does not dispense with all evidence but upon the production of the bonds or coupons and proof of authority to issue the plaintiff's case is established. The rule has been well stated in a leading text-book on Negotiable instruments, in the following language: 'The mere possession of a negotiable instrument, produced in evidence by the indorsee, or by the assignee where no indorsement is

necessary, imports prima facie that he acquired it bona fide
for full value in the usual course of business before maturity,
and without notice of any circumstances impeaching its
validity, and that he is the owner thereof, entitled to recover
the full amount against all prior parties,' in other words, the
production of the instrument and proof that it is genuine
(where indeed such proof is necessary), prima facie estab-
lishes his case; and he may there rest it. Bills and notes
payable to bearer do not, in this respect differ from others,
and the bearer is entitled to all the presumptions that apply
to an indorsement in his favor. But the presumption of bona
fide ownership does not apply where the instrument is not
payable to bearer, unless it be indorsed specifically to holder,
or in blank."

For cases discussing the question see Board of County
Commissioners of Grear County v. Gregory, 15 Okl. 208,
81 Pac. 422; Flagg v. City, of Palmyra, 33 Mo. 440; City
of Quincy v. Warfield, 25 Ill. 317, 79 Am. Dec. 330; City
of Gladstone v. Throop, 71 Fed. 341, 18 C. C. A. 61.

What we have already said disposes of appellant's sec-
ond and third contentions, and in view of our conclusion
here, it is not necessary to determine or pass upon the ef-
fect of the opinion by the territorial Supreme Court in
the case of Territory ex rel. Parker v. Mayor, 12 N. M.
177, 76 Pac. 283, nor as to the effect of plea of res ad-
judicata interposed by the defendants.

[2] Appellant's sixth contention is that if the city of
Socorro was reincorporated under the provisions of chap-
ter 39, Laws of 1884, as maintained by appellees and as
found by the court, the court erred in sustaining the de-
murrer to appellant's answer to appellees' counterclaim
because the answer sets forth facts sufficient to constitute
a proper defense to the water bonds. The record in this
case shows that appellees filed an answer to appellant's
complaint, and also a counterclaim in which they sought
to enjoin and restrain the city from diverting or misap-
propriating funds in the city treasury, or which might
thereafter be derived from the levy of the special tax, etc.,
for the purpose of paying the principal and interest on
such bonds. In the counterclaim it was alleged that cer-
tain moneys had theretofore been raised by special tax,
levied for the purpose of paying the principal and inter-

est on the water bonds, and that such, city had been using this money for other purposes. The counterclaim set up facts showing that appellees were entitled to the relief sought. Appellant filed a reply to defendants' answer, setting up certain new matter, and also an answer to the counterclaim. The record shows that appellees filed a demurrer to the reply, but does not show that any demurrer was filed to the answer to the counterclaim. On the 11th day of November, 1915, there was filed in the office of the clerk of the said court, an order sustaining appellees' demurrer. This order recites:

"This case coming on for further hearing upon demurrers of defendants to certain portions of the plaintiff's reply and of the plaintiff's answer to the counterclaim, and the court having heard the arguments of counsel and being fully advised, it is ordered that the said demurrers of the defendants be and the same are hereby sustained."

Apparently, the court's attention was never called to the error in this order, if it be true that no demurrer was ever filed to the answer to the counterclaim. Where a trial court inadvertently enters an order sustaining a demurrer to a pleading to which no demurrer has been filed, it is the duty of counsel to call the court's attention to the error so made, so that the same may be corrected; and where the record on appeal shows that an order was made by the trial court sustaining a demurrer to an answer to a counterclaim, where a demurrer was filed only to the reply, the court will not consider an assignment of error based upon such order insofar as the answer to the counterclaim is concerned, where such mistake was not called to the attention of the trial court.

[3] The last point urged is that the court erred in denying plaintiff's motion to adjudge in default for failure to answer the city of Socorro, George Parker, and other owners and unknown owners of any water bonds of the city of Socorro issued April 1, 1887. Parker and the city of Socorro were made parties defendants and other owners of bonds whose names were unknown to plaintiff were designated as defendants, as "all other owners and

unknown owners of any municipal bonds of the city of Socorro, state of New Mexico, issued April 1, 1887, payable to bearer, and known as water bonds of the city of Socorro." The city of Socorro was personally served, but failed to appear. Constructive service was had upon Parker and unknown owners. After the proofs were heard in the case and on the same day that the court found the entire issue of bonds to be legal, valid, and subsisting obligations of the city appellant applied to the court for a default judgment against the city of Socorro, Parker,· and unknown owners. The application was denied.

Appellant apparently does not contend that the court erred in overruling this motion, insofar as the city of Socorro is concerned, but contents himself by attempting to show that constructive service on the remaining bondholders was valid, and warranted a default judgment against them. No argument is required to demonstrate the unsoundness of this ·contention further than to call attention to two decisions of the Supreme Court of the United States. In the case of Town of Brooklyn v. Aetna Life Insurance Company, 99 U. S. 362, 57 L. Ed. 416, the plaintiff, the Life Insurance Company, instituted suit against the town of Brooklyn on certain interest coupons issued in the name of the town of Brooklyn, Ill. The town answered, and in its fifth plea, averred that, by a decree of the circuit court of Lee county, Ill., rendered November 14, 1873, in the action of the Town of Brooklyn and others against the Chicago & Rock River Railroad Company and others:

" 'It was ordered, adjudged, and decreed that the said pretended bonds and coupons of the said town of Brooklyn, so issued to the said Chicago & Rock River Railroad Company, and registered as aforesaid in the office of the auditor of public accounts of Illinois, are void and in no wise obligatory on the said town of Brooklyn,. and that the same be surrendered up by the parties holding the same to be canceled,' which decree it is averred is in full force and effect; that the said insurance company was made defendant in such suit with the other holders and owners· of the bonds and coupons issued by the town, by the name and description of 'The unknown owners of certain bonds and coupons issued by Washington J. Griffin, the supervisor of

the town of Brooklyn, Lee county, Illinois, to the Chicago & Rock River Railroad Company, purporting to be the bonds and coupons of said town of Brooklyn.'"

And it was further alleged that the said circuit court of Lee county then and there had jurisdiction of the person or parties defendant therein, by the issuing and return of process, and by proof of publication made as required by the statute of the state of Illinois in the case of non-resident defendants. In considering this plea the Supreme Court of the United States said:

"The suit commenced and determined in the circuit court of Lee county was a proceeding wholly in personam, against the holders and owners of bonds and coupons which had been issued in the name of the town, and delivered to the railroad company. Upon principle and authority, no decree therein rendered could bind any one not personally served with process, or who did not appear. It could not affect the rights of non-resident holders of bonds and coupons, proceeded against by constructive service. Such service, as to them, was ineffective for any purpose whatever. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, and authorities there cited."

In the case of Township of Empire v. Darlington, 101 U. S. 87, 25 L. Ed. 878, the court held that a decree in an Illinois court, perpetually enjoining taxation to pay railroad aid bonds and declaring them void, did not conclude any bondholders proceeded against as "unknown owners and holders," who were not served with process and did not appear, nor bondholders residing in other states who were proceeded against only by constructive service. Hence we conclude that where a suit is commenced against the holders and owners of bonds and coupons which have been issued by a municipal corporation and delivered to the purchaser or purchasers a taxpayer cannot lawfully secure a default judgment against non-resident owners and holders of such bonds upon constructive service, adjudging said bonds to be invalid.

For the reasons stated the judgment of the trial court will be affirmed; and it is so ordered.

HANNA, C. J., and PARKER, concur.