TONINI et al. v. BOARD OF COUNTY COM'RS et al.

No. 13562—Opinion Filed Sept. 16, 1924.

1. Counties—Construction of Court House —Validity of Contract With Architects.

Sections 5813 and 5814, Comp. Stat. 1921, empowers boards of county commissioners to contruct court houses, and the authority therein conferred embraces the employment of an architect to prepare plans and specifications, and where the petition of the plaintiffs alleges that the board of county commissioners entered into a contract with the plaintiffs to prepare plans and specifications, and under such contract the plaintiffs did prepare such plans and specifications and file them with the said board, and did all things required of them under the contract, and said board refused to pay the plaintiffs for the work performed, and that a certain sum is due plaintiffs under the terms of the contract, and prays judgment for the amount set forth in the contract, held, the petition states a cause of action as against a general demurrer.

2. Same—Evidence—Presumption of Regularity in Official Acts.

Where the board of county commissioners enter into a contract with an architect to prepare plans and specifications for the construction of a court house, it will be presumed the board were acting within the scope of their authority, as the law presumes the validity and regularity of the official acts of public officers within the line of their duties, and this presumption remains until overcome by proof.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Mayes County; A. C. Brewster, Judge.

Action by O. H. Tonini and T. R. Bramblett, a copartnership, against Board of County Commissioners of Mayes County. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

Rittenhouse & Rittenhouse, for plaintiffs in error.

W. W. Powell and Langley & Langley, for defendants in error.

Opinion by RUTH, C. This action was brought by the plaintiffs in error against the defendants in error and they will be designated in this opinion as they appeared in the lower court.

The petition alleges that plaintiffs are architects, that Wayman Thompson, R. A. Smith, and William Tell comprise the board of county commissioners, the said William Tell having succeeded A. E. Young who is also named as a defendant. That defendants, acting as a board of county commissioners, entered into a contract with the plaintiffs whereby plaintiffs were to prepare plans and specifications for the construction of a court house in Mayes county, that plaintiffs would be present when the contract for the erection of the court house was awarded and assist the defendants in securing the best contracts possible, and render such other services in connection with the awarding of the contracts as was necessary, and by defendants desirable, for which services the plaintiffs were to receive $1,000 when the plans were completed and bids asked for and a certain further sum, as the work on the court house progressed.

The contract bearing date as of the 7th day of December, 1920, is attached to the petition and made a part thereof. Plaintiffs further allege they completed the plans and specifications according to the contract, and submitted them to the board of county commissioners, and the same were duly received and filed; that notwithstanding the contract entered into with plaintiffs, the defendants on May 2, 1921, entered into a contract with one Jewell Hicks, whereby Hicks became the architect for the court house in Mayes county, and refused to recognize their written contract with plaintiffs, giving as reason that the same was "void and unauthorized by law", that the work and services to be performed by Hicks covers the identical work and services contemplated by the contract of December 7, 1920, and the contract with Hicks provides for the payment of the identical compensation which defendants agreed to pay plaintiffs. The petition further alleges that on July 2, 1921,

the board of county commissioners let the contract for the construction of the court house under the plans and specifications of the said Hicks and refused to recognize the contract with the plaintiffs, or to use their plans and specifications; that plaintiffs have filed their verified claims for the money due, with the board of county commissioners, and the same were disallowed by said board and plaintiffs pray judgment.

To this petition defendants filed their general demurrer in the following words:

"That said petition does not state facts sufficient to constitute a cause of action in favor of the said plaintiffs and against said defendants and does not state facts sufficient to entitle the plaintiffs to any relief."

The demurrer was by the court sustained and plaintiffs electing to stand upon their petition, the cause was dismissed and the cause is regularly brought here on transcript for review.

Plaintiffs assign errors, and in their brief and argument say:

"There is but one question raised in this case, and that is the sufficiency of the petition against the demurrer."

Section 265, Comp. Stat. 1921, provides:

"The petition must contain: First, the name of the court and the county in which the action is brought, and the names of the parties plaintiff and defendant followed by the word 'petition.' Second, a statement of facts constituting the cause of action in ordinary and concise language, without repetition. Third, a demand for the relief to which the party supposed himself entitled. If the recovery of money be demanded, the amount thereof shall be stated; and, if interest thereon be claimed the time from which interest is to be computed shall also be stated."

Section 5813, Comp. Stat. 1921, provides:

"The board of county commissioners is authorized to provide for the construction or repairing of court houses, jails, or other necessary buildings, and make contracts on behalf of the county for building or repairing the same"

—and section provides for levying a tax to create a fund for the payment of the same, and section 5814 provides that after the fund has been accumulated it shall be the duty of the board to proceed with the erection of the same within one year. Under these sections, the board has unquestioned authority to erect a court house, and the employment of an architect to prepare plans and specifications is a necessary incident to such construction or erection.

In 29 Cyc. 589 it is said:

"Municipal power to erect buildings includes power to employ an architect"—cit-

ing, Peterson v. New York, 17 N. Y. 449; Carling v. Jersey City, 71 N. Y. Law 157, 58 Atl. 395; Miller v. Boyle (Cal. App.) 184 Pac. 421.

In 2 Dillon's Municipal Corporations (5th Ed.) p. 1203, the following principle is announced:

"Scientific knowledge or professional skill has also been regarded as furnishing' a ground for an exception to the statutory rule. Thus is has been said: That the services of a lawyer, of a physician, or of an architect or surveyor, are not embaced within a provision requiring the letting of contracts to the lowest bidder."

The foregoing principles have been adhered to in the following cases: City of Houston v. Potter (Tex. Civ. App.) 91 S. W. 398; Vermeule v. City of Corning, 174 N. Y. Supp. 220; Stratton v. Allegheny Co. (Pa.) 91 Atl. 894; City of Newport News v. Potter, 122 Fed. 321; City of Houston v. Glover (Tex. Civ. App.) 89 S. W. 425.

The defendants contend "that not only must the board of commissioners have had authority or power on the 7th day of December, 1920, to build a court house for Mayes county, but that authority must have been specifically charged in plaintiffs' petition, or facts set out showing the authorities," but defendants cite no decisions of this or any other court to sustain their position.

The brief must set forth the reasons for alleging error in the rulings or proceedings complained of. Carter v. Mo. Mining and Lumber Co., 6 Okla. 11, 41 Pac. 356.

"It is not enough to assert in general terms that the ruling of the trial court is wrong, for this point will not be considered as having been made, but counsel should support the same with argument and citation of authority where possible." Ferguson v. Union National Bank, 23 Okla. 37, 99 Pac. 641; Brunson v. Emerson, 34 Okla. 211, 124 Pac. 979.

Defendants direct our attention to Allen v. Board of Commissioners, 12 Okla. 603, 73 Pac. 286, and Board of County Commissioners v. Whitney, 73 Okla. 160, 175 Pac. 112, wherein it is held, where the law prescribes the mode which such a board must pursue in the exercise of such powers, it, as a rule, excludes all other modes of procedure.

With the rule announced we are in accord, but the same is not germane to any question raised by the demurrer. It is presumed that the defendants were acting within the scope of their authority in making the contract with the plaintiffs until the contrary appears, and in this opinion the court is not determining whether or not the contract was a valid and binding one, as that question is not before us.

It will be presumed that public officers will perform their duty as provided by law. Giles v. Dennison, 15 Okla. 55, 78 Pac. 174; Copeland v. Copeland, 73 Okla. 252, 175 Pac. 764.

It is presumed that the acts of officers in the discharge of the duties of their office are regular and such as are required by law. Oklahoma City v. Hill, 6 Okla. 114, 50 Pac. 242.

The law presumes the validity and regularity of the official acts of public officers within the line of their duties, and this presumption remains until overcome by proof, except in cases where it is sought to take away personal rights of a citizen, or deprive him of his property, or create a lien thereon. Christ v. Fent, 16 Okla. 375, 84 Pac. 1074; Southern Surety Co. v. Waits, 45 Okla. 513, 146 Pac. 431.

To the same effect are Board of Education of City of Pond Creek v. Boyer, 5 Okla. 225, 47 Pac. 1090; Pentecost v. Stiles, 5 Okla. 500, 49 Pac. 921; Watkins v. Havighorst, 13 Okla. 128, 74 Pac. 318; Board of County Commissioners of Greer Co. v. Gregory, 15 Okla. 208, 81 Pac. 422; Town of Grove v. Haskell, 24 Okla. 707, 104 Pac. 56; Leedy v. Brown, 27 Okla. 489, 113 Pac. 177; Johnson v. Riddle, 41 Okla. 759, 139 Pac. 1143; Southwestern Surety Ins. Co. v. Davis, 53 Okla. 332, 156 Pac. 213; Board of Com. of Garfield County v. Field, 63 Okla. 80, 162 Pac. 733; Hamilton Twp. of Okmulgee Co. v. Underwood, 81 Okla. 256, 198 Pac. 300.

There is not a suggestion in the record that the defendants had not made legal provisions for the erection of a court house, and plaintiffs' petition alleges that they did enter into a contract with one Jewell Hicks, an architect, identical with the one entered into with the plaintiffs, and proceeded to advertise for bids and let the contract for the erection of the court house according to the plans and specifications prepared by Hicks.

In the cases cited by defendants the question of the validity of the contracts was raised by answer and decided on the evidence, and following the well established rule announced by this court, the presumption that defendants were acting within the scope of their authority must be indulged until the contrary appears, and the court below erred in sustaining the defendants'

demurrer and dismissing the action, and for the reasons herein stated the judgment of the court below should be reversed and the cause remanded with instructions to the court below to vacate the judgment dismissing plaintiffs' action and to reinstate the petition, and for further proceedings in conformity herewith.

By the Court: It is so ordered.