REED v. ROSS et al.

No. 31456. May 2, 1944.

*148 P. 2d 782.*

Chas. R. Nesbitt, of Tulsa, for plaintiff in error.

Ernest R. Brown, of Pryor, for defendants in error.

RILEY, J. This action was commenced by plaintiff in error, hereinafter referred to as plaintiff, against defendants in error in Mayes county before a justice of the peace at Salina to recover $2 alleged to have been wrongfully collected from plaintiff as an occupation or auctioneer's license tax for the town of Salina, and for damages, in the sum unknown to plaintiff but estimated at $50, alleged to have been caused by loss of sales by reason of the demand for collection of said tax.

Trial was to a jury in the justice court, resulting in a verdict and judgment for defendants. Plaintiff appealed to the district court, where the cause was tried to a jury, resulting in a like verdict and judgment, and plaintiff appeals.

Plaintiff moved for judgment in his favor and defendants demurred when all the evidence was adduced. The motion was denied, the demurrer was overruled, and the cause was submitted to the jury, resulting in a verdict for defendants.

The principal contention of plaintiff is that defendants failed to plead and to prove a valid ordinance of the town of Salina providing for the tax exacted and collected by defendants. Defendant Mc-Creary was at the time city marshal of the town of Salina, and defendant Ross was chairman of the board of trustees of the town. In civil actions before a justice of the peace a defendant is not required to file an answer or other pleading unless he claims a set-off, and then only on demand by the plaintiff. 39 O. S. 1941 § 131; Wagstaff v. Challiss, 29 Kan. 505; Cole v. Hoeburg, 36 Kan. 263, 13 P. 275; Western Union Telegraph Co. v. Hollis, 28 Okla. 613, 115 P. 774.

Plaintiff contends that it was incumbent upon defendants to prove the ordinance under which they claimed the right to collect the tax. There is some contention that the license tax exacted was a license tax for the sale of used automobiles. But from the record as a whole it clearly appears that the defendant McCreary was demanding and did demand payment of an auctioneer's tax of $1 per day. Plaintiff contends that he had a license issued to him by the State Tax Commission authorizing him to deal in used motor vehicles and parts, dated February 26, 1941, and ending December 31, 1941, and that this license authorized him to sell used automobiles anywhere in the state. He did have such license. But, assuming that it did authorize him to sell used automobiles anywhere in the state, it did not authorize him to conduct auction sales in the town of Salina without compliance with local law. The uncontradicted evidence is that he did sell at public auction at least one used automobile in the town of Salina. He was about to offer another automobile for sale in said town a week or ten days after the first sale, when defendant McCreary, the town marshal, called upon him to pay the tax.

The rule in this state is that municipal officers are presumed to act within the scope of their power and under authority of law. Board of County Commissioners of Greer County v. Gregory et al., 15 Okla. 208, 81 P. 422; Tonini et al. v. Board of County Commissioners et al., 100 Okla. 246, 229 P. 263. In the latter case it is said:

"It is presumed that the acts of officers in the discharge of the duties of their office are regular and such as are required by law. . . .

"The law presumes the validity and regularity of the official acts of public officers within the line of their duties, and this presumption remains until overcome by proof, except in cases where it is sought to take away personal rights of a citizen, or deprive him of his property, or create a lien thereon. . . ."

In Southern Surety Co. v. Waits, 45 Okla. 513, 146 P. 431, it is held:

"The law presumes the validity and regularity of the official acts of public officers within the line of their official duty, and this presumption ordinarily obtains until overcome by proof."

Under the rule stated, it was incumbent upon plaintiff to prove that defendants were acting without authority in demanding the tax before defendants were required to offer any proof in justification of their acts. In this respect plaintiff failed. The demurrer of defendants to the evidence should have been sustained.

Plaintiff cites decisions to the effect that where a defendant does not offer sufficient evidence in support of his answer to justify a verdict in his favor, there is nothing to submit to the jury and it is the duty of the court to sustain motion for a directed verdict. This rule is applicable only where it appears that plaintiff has produced evidence sufficient to support all the material allegations of his petition or bill of particulars. Gibson v. Johnson, Adm'r, 180 Okla. 417, 69 P. 2d 329.

Plaintiff contends that the court erred in instructing the jury as to the existence of an ordinance levying an auctioneer's tax. Plaintiff urges that defendants never proved the existence of such ordinance. The presumption of performance of duty and regularity of

conduct protects defendants. The plaintiff failed to make a case; therefore, he will not be heard to urge error in instructions given.

Affirmed.

GIBSON, V.C.J., and OSBORN, WELCH, HURST, and ARNOLD, JJ., concur. CORN, C.J., and BAYLESS and DAVISON, JJ., absent.