## MOORE et al. v. PORTERFIELD et al.

No. 17264. Opinion Filed June 21, 1927.

(Syllabus.)

1. **Evidence—Presumption of Validity and Regularity of Official Acts.**

The law presumes the validity and regularity of the official acts of public officers within the line of their official duty, and this presumption obtains until overcome by proof, as to acts involving the performance of ministerial or administrative duties.

2. **Injunction—Writ to Control Discretionary Powers of Officers Where Gross Abuse.**

The discretionary powers of a public official will not be controlled by injunction except in case of a gross abuse of such discretion founded on fraud, corruption, improper motive, plain disregard of duty, gross abuse of power, or violation of the law.

3. **Appeal and Error—Review—Injunction Against County Superintendent Designating Separate School.**

In a proceeding to enjoin the county superintendent of public instruction from designating what school shall be the "separate school" in a certain district of his county, on the grounds that such official is acting arbitrarily, the judgment of the district court will not be disturbed on appeal unless said judgment is clearly against the weight of the evidence.

4. **Same—Judgment for Defendant Sustained.**

Record examined, and held, the judgment of the trial court is not against the weight of the evidence.

Error from District Court, Seminole County; Chas. L. Orr, Special Judge.

Action by E. R. Moore and G. V. Gross for injunction against Luther V. Porterfield and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Pryor, Stokes & Carver and Hugh Murphy, for plaintiffs in error.

Anglin & Stevenson, Willmott, Roberts & Looney, and Hill & Banta, for defendants in error.

MASON, V. C. J. The parties occupy the same position here as in the lower court, and for convenience they will be referred to herein as plaintiffs and defendants, as they there appeared.

This is the second appeal of this cause, which was instituted in the district court of Seminole county by E. R. Moore and G. V. Gross for themselves and for the use and benefit of all other residents and citizens, similarly situated, of school district No. 5, Seminole county, Okla., as plaintiffs, against Luther V. Porterfield and W. G. Marriott and B. C. Valandingham, defendants, for the purpose of enjoining the defendant Porterfield, as county superintendent of public instruction of Seminole county, from designating the present district school (the negro school) of district No. 5, Seminole county, as the separate school, and designating the white school as the district school, and enjoining the appointment of the other defendants, who are members of the white race, as members of the school board of said district and enjoining them from acting or attempting to act in said capacity.

The action is founded on the theory that the alleged acts of the defendant Porterfield constituted a gross abuse of discretion.

The general demurrer of the defendants to the petition was sustained by the trial court and, upon refusal of the plaintiffs to plead further, the case was dismissed, from which action the plaintiffs appealed, and this court reversed the judgment of the trial court and held that the petition stated a cause of action, on the theory of gross abuse of discretion, as against a general demurrer.

The principal question decided therein was announced in the third paragraph of the syllabus as follows:

"Although as a general rule the discretionary powers of a public official will not be controlled by injunction, yet injunction may be issued in case of a gross abuse of such discretion or where it appears that such action is founded on fraud, corruption, improper motive, plain disregard of duty, gross abuse of power, or violation of the law." See Moore et al. v. Porterfield, 113 Okla. 234, 241 Pac. 246.

Thereafter, the defendants filed answer, and the case proceeded to trial before the court, which resulted in judgment for the defendants, from which the plaintiffs have perfected this appeal.

For reversal it is urged that the official acts of the defendant Porterfield, as disclosed by the evidence, constitute a gross abuse of discretion, and that the judgment of the trial court is clearly against the weight of the evidence. The evidence in the case is substantially as follows:

That the negro school is, and has been, the district school of said district from the advent of statehood, and the white school has been the separate school; that the plaintiffs constitute a majority of the school board of said district, having been elected at the regular annual election held for that purpose by the negroes of the district; that the scholastic census of said district shows approximately 232 negro and 15 white children, of school age; that there are 103 negro and 7 white families who reside in said school district; that some years previous, a high school building had been erected in the district costing approximately $22,000, for which bonds of the district were issued.

The evidence on behalf of the plaintiffs was that the defendant Porterfield, as county superintendent, was endeavoring to control said school district; that prior to the election of the plaintiffs, as members of the school board of said district, Porterfield told patrons thereof that if the plaintiff Moore were elected a member of the board, he (Porterfield) would reorganize the district by designating the white school as the district school and the negro as the separate school; that a few days after Moore's election, Porterfield attempted to carry out said plan, whereupon this action was commenced; that Porterfield had stated that the people of the district in electing the plaintiffs, over his protest, were doing spite work and that he could do spite work too.

The evidence on behalf of the defendants disclosed that there had always been more or less friction and trouble between the county superintendent and the school board of said district; that the board in drawing warrants disregarded the estimates and levies for different purposes; that a daughter of one member had been employed and paid under an assumed name in order to avoid the nepotism statutes; that teachers had been paid in advance; that members of the board had engaged in a fight or personal encounter, and as a result thereof one member was afraid to attend the meetings; that the plaintiff Moore was opposed to separate schools for whites and negroes; that a petition signed by approximately 100 persons residing in the district had been presented to Porterfield, as county superintendent, asking

him to take steps to bring about better educational interest in connection with said school. The defendant Porterfield also denied that he had any intention of being arbitrary or that his actions were unreasonable. He testified that said actions were founded on the best of motives and for the best interest of the colored school children, and that under such change the colored school would receive more money each year and would have a longer term of school. This evidence, however, was weakened considerably on cross-examination and was contradicted by other evidence on behalf of the plaintiffs.

This being an equity case, the judgment of the trial court will not be disturbed, unless it is clearly against the weight of the evidence.

The law presumes the validity and regularity of the official acts of public officers within the line of their official duty, and this presumption obtains until overcome by proof, as to the acts involving the performance of ministerial or administrative duties. Watkins v. Havighorst, 13 Okla. 128, 74 Pac. 318.

Under section 3, article 13, of the Constitution of Oklahoma, separate schools for white and colored children with like accommodations must be provided by the Legislature, which must be impartially maintained.

We cannot presume that the defendant, as county superintendent of public instruction, will violate the foregoing provisions of our Constitution, but, on the contrary, we must presume that he will do his duty. Under section 3, chapter 219, article 15, Session Laws of 1913 (section 10569, C. O. S. 1921), as construed by Jumper et al. v. Lyles, 77 Okla. 57, 185 Pac. 1084, the county superintendent of public instruction of a county is authorized to designate what school or schools in each school district shall be the separate school and which class of children, either white or colored, shall have the privilege of attending such separate school or schools of said school district. This discretionary power of the county superintendent will not be controlled by injunction, unless it appears that such contemplated action is based upon grounds or reasons clearly untenable or unreasonable.

There is some evidence in this case which is undisputed and which indicates that the defendant Porterfield may have been provoked because the plaintiffs had been elected members of the school board and that he was endeavoring to retaliate by arbitrary action. This borders very closely upon improper motives and gross abuse of power, but the other evidence in the case supports his contention that the change was for the best interest of the colored school children of said district, and that his actions were not arbitrary or unreasonable.

The trial court had the advantage of seeing all the witnesses, observing their demeanor and their apparent interest or lack of interest in the case. The evidence presents a very close question of fact, but we cannot say that the judgment of the trial court is clearly against the weight of the evidence, and for that reason, the judgment of the trial court is affirmed.

BRANSON, C. J., and LESTER, HUNT, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 22 C. J. pp. 130, 132, 136, §69; 22 R. C. L. p. 472; 4 R. C. L. Supp. p. 1467; 5 R. C. L. Supp. p. 1206; 6 R. C. L. Supp. p. 1328. (2) 32 C. J. p. 242, §384; 22 R. C. L. p. 493. (3) 4 C. J. p. 900, §2869. (4) 4 C. J. p. 900, §2869; 32 C. J. p. 252, §396 (Anno).