## WEWOKA BURIAL ASS'N v. CALLAWAY.

No. 27251.   Oct. 26, 1937.

John T. Cooper, for plaintiff in error.

Harold Skinner and Paul Ballinger, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Seminole county. The defendant in error was plaintiff below and the plaintiff in error was defendant below. We will refer to the parties as they appeared in the trial court.

The action originated in a justice court. Plaintiff sought to recover damages for an alleged breach of a burial contract. The defendant obtained several continuances, but made no other appearance in the justice court, and the plaintiff was given judgment in accordance with the prayer of his bill of particulars. The defendant appealed the cause to the district court and filed an answer therein wherein it pleaded a breach of several provisions of the contract by the plaintiff which it was claimed absolved it from liability under the contract. A jury was waived and the cause was tried to the court. The plaintiff again was given judgment, and the defendant appeals. The defendant groups its assignments of error and presents them under what is denominated as two propositions. These resolve themselves into the single contention that the demurrer of the defendant to the plaintiff's evidence should have been sustained. The defendant interposed a demurrer to the evidence in chief of plaintiff, but when this was overruled, proceeded to introduce evidence in its defense and failed to renew its demurrer or to move for judgment at the close of all of the evidence. The action of the defendant under these circumstances constitutes a waiver of the demurrer. Local Bldg. & Loan Ass'n v. Hudson-Houston Lbr. Co., 150 Okla. 44, 3 P. (2d) 156.

As said in Conrad v. James, 174 Okla. 54, 49 P. (2d) 718:

"Where a jury is waived and the cause tried to the court, the judgment of the court must be given the same force and effect as the verdict of a properly instructed jury, and if there be any competent evidence reasonably tending to support the judgment of the trial court, the same will not be disturbed on appeal."

And as further said in Mattes v. Baird, 176 Okla. 282, 55 P. (2d) 48:

"In a law action, where a jury is waived and the case is tried to the court, this court will not review the judgment of the trial court on the ground of insufficiency of the evidence where there is any competent evidence reasonably tending to support the same."

There is ample evidence in the record to sustain the finding of the trial court that the defendant had breached its contract and that there had been no breach thereof by the plaintiff. Under these circumstances, the judgment should not be disturbed.

The plaintiff requests judgment on the supersedeas bond. This bond appears in the case-made and is executed by B. H. McKellep and C. H. Foresee as sureties and is conditioned to pay the condemnation money and costs in case of affirmance of the judgment, and there appears no valid reason why the plaintiff should not have judgment thereon. It is therefore ordered and adjudged that the plaintiff have, and he is hereby given, judgment against the above-named sureties on said bond and each

of them in the sum of $100, together with all costs of this action.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN, and HURST, JJ., concur.