## FARMERS' UNION CO-OPERATIVE GIN CO. v. FAIRBANKS, MORSE & CO.

No. 27285. Nov. 30, 1937.

E. N. Jones, for plaintiff in error.

Hatcher & Hatcher, for defendant in error.

CORN, J. Fairbanks, Morse & Company brought an action in the district court of Pontotoc county against the Farmers' Cooperative Gin Company for the recovery of damages for the wrongful detention and the usable value of personal property.

The facts as disclosed by the record are that the gin company purchased a Fairbanks-Morse diesel oil engine through the Murry Company of Dallas, Tex., executing a series of notes for the purchase price of the same. The gin company defaulted in the payment of some of the notes and the Murry Company sold the engine at chattel mortgage sale to Fairbanks, Morse & Company of St. Louis, Mo. The sale was made August 10, 1932, just before the ginning season for that year opened. The gin company, without the consent and over the objection of the Fairbanks, Morse Company, used the engine until November 20, 1932, which was practically through the ginning season. Proper demand was made by the owner for the possession of the engine, but the demand was refused until said date, when possession of the engine was finally given. During said time 1,475 bales of cotton were ginned by use of the engine.

The plaintiff sued for the use of the engine at the rate of 50 cents per bale, or $737.50, and for expenses incurred by reason of the defendant's refusal to surrender the possession of the engine to the plaintiff in the sum of $211.91, making a total of $949.41, and for interest on said sum at the rate of 6 per cent. from November 20, 1932, and costs.

In the trial of the cause it was stipulated that the usable value of the engine was 40 cents per bale, and the jury returned a verdict upon that basis, or for $590 and costs,

and allowing nothing for the expenses incurred by the delay. These expenses were for the salary and incidental expenses of the engineer who was sent to take up and ship the property. The reason for not allowing these expenses was not stated in the verdict and is not material, since the plaintiff did not appeal from the verdict and judgment. The trial court rendered judgment upon, and in accordance with, the verdict, and the defendant, upon denial of motion for new trial, appealed.

The appellant first contends that the trial court erred in refusing to instruct the jury that in an action to recover damages for the wrongful detention of personal property it was mandatory upon the plaintiff to plead and prove ownership and right of possession of the property. This contention is without merit, for the reason that the plaintiff did plead and prove that it was the owner of the property and entitled to possession thereof during the time for which recovery for its use is sought, and such facts were admitted in the testimony of the manager of the gin company. This is not an action in replevin, and the authorities cited, applicable in replevin actions, are not applicable here. This action was commenced after the defendant surrendered possession of the property to the plaintiff and for the sole purpose of recovering for the use of the property.

Next it is contended that the court erred in instructing the jury as to the correct measure of damages for the use of the property. The instruction in substance was that if the jury found and believed from a fair preponderance of the evidence that the plaintiff was the owner of the engine in question during the season of 1932, then and in that event the plaintiff would be entitled to recover from the defendant a fair and reasonable compensation for the use of said engine during said cotton ginning season of 1932; and also instructed the jury to determine from the evidence the usable value of the property from the date demand was made on the defendant for possession to the date it was delivered to the plaintiff, not to exceed 40 cents per bale ginned by defendant during said period, and such expense as they found to be reasonable caused by the delay. The objection to the instructions was that the trial court assumed that the plaintiff was entitled to recover the usable value of the engine for the **entire season**

of 1932. The weakness of this contention becomes obvious when the instructions are considered as a whole. It was admitted that 1,475 bales of cotton were ginned during said period and the jury instructed to base its verdict upon the number of bales ginned, not to exceed 40 cents per bale. The jury could not have been misled by the instructions where they were told to determine the amount by the number of bales ginned, not to exceed 40 cents per bale, and where the number of bales was an admitted fact.

The appellant further contends that the trial court committed error in refusing to submit defendant's theory of its defense to the jury.

The defendant, in its amended answer, denied that it ever owed the plaintiff anything, but alleged that, if it did, the claim had been settled in full. Such a pleading does not state a theory, and amounts to nothing more than a general denial, and the evidence in the case was not sufficient to warrant an instruction upon any theory of settlement of the obligation. The manager of the gin company was present at the public sale of the engine and knew at the time to whom it was sold, and stated in his testimony that his company did not expect to use it free of charge. It is apparent the gin company withheld the possession of the engine from Fairbanks, Morse & Company, the purchaser thereof, with the idea that by so doing they would be able to effect a more advantageous settlement with the Murry Company on the balance of the debt after the sale of the engine. The manager of the gin company testified that they were holding the engine until they could get their notes back and the mortgage released on other property included in it. No effort was made to show that in so doing they were acting within their legal rights, but, on the contrary, the documents exhibited in evidence show that they were not acting within their legal rights. It is therefore evident that appellant had no valid defense to the action, and none of its contentions on appeal can be sustained.

The judgment of the trial court is affirmed, and proper request and showing having been made by appellee, judgment is rendered upon the supersedeas bond.

WELCH, PHELPS, GIBSON, and HURST JJ., concur. OSBORN, C. J., BAYLESS, V. C. J., and RILEY and DAVISON, JJ., absent.