## BOARD OF COM'RS OF POTTAWATOMIE COUNTY v. A. C. DAVIS & SONS.

No. 28349.    Jan. 24, 1939.

Thos. C. Wyatt, County Atty., for plaintiff in error.

M. L. Hankins and Reily & Reily, for defendant in error.

HURST, J.   A. C. Davis & Sons, architects, furnished plans and specifications for the building and furnishing of a courthouse for Pottawatomie county. The contract for the services was entered into with the board of county commissioners on November 18, 1933. Davis & Sons were paid all but $303.-

09 due on the original contract. Additions were made to the contract by two change orders, which authorized additional work to be performed under the contract, for an additional compensation. The architects' plans and specifications were also used in the performance of this additional work. They filed their claims with the county commissioners for 5 per cent. of the price of the additional work and for the $303.09 unpaid under the original contract. The claims were disallowed, and the architects appealed to the district court. A jury was waived and trial was had to the court, which resulted in judgment for Davis & Sons in the amount of their claims. The board of county commissioners appeal. Their contention is that the contract made with the architects is void because at the time it was made there were no funds legally appropriated to pay for the same.

■ The evidence was that there was a fund of $32,000 in the courthouse and jail fund at the time the contract was made, and the court so found. A finding of fact made by the court in a law action where a jury is waived will not be disturbed on appeal where there is any competent evidence reasonably tending to support such finding. Stevens v. Rogers (1937) 180 Okla. 305, 68 P.2d 821; Wewoka Burial Ass'n v. Callaway (1937) 181 Okla. 136, 72 P.2d 801. The fund of $32,000 was much more than enough to pay the architects' fee.

■ Plaintiff in error intimates in its brief that the levy, under which the $32,000 was raised, was made under section 7494, O. S. 1931, and that said section is void, without specifying a reason therefor. Assuming that section 7494 is unconstitutional for the reason that it is a local law, still that section has never been declared unconstitutional. The presumption is that a law is constitutional until its unconstitutionality is judicially established (State v. Cease [1911] 28 Okla. 271, 114 P. 251), and the board of county commissioners was entitled to rely on that statute as authority for its official acts until such time as the statute was declared unconstitutional, or until the board was advised by the proper official of its unconstitutionality. Gordon v. Conner (1938) 183 Okla. 82, 80 P.2d 322.

Furthermore, there is no evidence in the record that the levy was made under section 7494, supra, and, under the rule that acts of public officers are presumed to be in accordance with law (Moore v. Potterfield [1927] 125 Okla. 217, 257 P. 307; Tonini & Bramblett v. Board of County Com'rs [1924] 100 Okla. 246, 229 P. 263), it will be presumed that they acted under a valid law, if there is such a law under which they could act. Section 7499, O. S. 1931 (19 Okla. St. Ann. sec. 731), is such a law. Therein the county commissioners are authorized to levy a tax for the purpose of paying costs of construction and repairing of courthouses and jails. Section 7499 was passed in 1903 and is a general law. Section 7479, supra (in force when this cause arose, but since repealed by chapter 35, art. 7, sec. 1, S. L. 1935), provides for the disposition of the funds as follows:

"The board of county commissioners of any county may use for the purpose of erecting or repairing a county courthouse or county jail, or either of them or for making additions thereto or purchasing sites therefor, all or any portion of the sinking fund of the county derived from penalties, interest or forfeitures, accrued or to accrue as penalties on delinquent taxes, and in addition thereto may use the amount of tax levied for that purpose in any year under existing laws. * * *"

Section 7499 was enacted prior to the enactment of section 7479 and was in force at the time the levy for the $32,000 was made. In St. Louis-S. F. Ry. Co. v. Smith (1928) 132 Okla. 150, 270 P. 5, these two sections were considered and held to be cumulative methods of raising funds. Moreover, the court in that case held that section 7479 authorized the commissioners to make a levy for courthouses and jails.

Thus it is clear that the board of county commissioners was authorized to make a levy to raise a fund to build and equip a courthouse and jail, and to expend that fund for the payment of such building and equipment. It has been held that this authority includes authorization to employ architects. Tonini & Bramblett v. Board of County Com'rs, supra.

The case of Foster v. Board of County Com'rs of Custer County (1928) 129 Okla. 246, 264 P. 615, cited by plaintiff in error, is not in point. In that case there were no funds on hand or appropriated.

Our conclusion, therefore, is that there was a fund available with which to pay the architects at the time their contract was made, that the contract was valid, and that the architects are entitled to receive the consideration for which they contracted.

■ Plaintiff in error also contends that the court erred in refusing to admit in evidence a statement made by Davis, one of the architects, showing a parol agreement to abandon and rescind the contract. The record discloses that this statement was made to a group of men at a hotel; that

all of the commissioners were not present; and that those who were present were not there acting as a board. Whatever was said by Davis on that occasion is irrelevant and immaterial because it does not tend to prove an agreement between the board of county commissioners and Davis, and the court did not err in refusing its admission in evidence. See Pratt v. Hancock (1926) 117 Okla. 300, 246 P. 220.

Judgment affirmed.

BAYLESS, C. J., and CORN, GIBSON, and DANNER, JJ., concur.