ELLIS v. BOGGS et al.

No. 29142. July 2, 1940.

*104 P. 2d 244.*

S. F. Brown, of McAlester, Wm. G. Stigler, of Stigler, and R. H. Matthews, of McAlester, for plaintiff in error.

M. O. Counts, of Hartshorne, for defendants in error.

HURST, J. Consuello Ellis brought this action against defendant Boggs and others to quiet her title to 80 acres of land in Haskell county. She claimed title to the land under a deed from her aunt, Missie Riddle. Defendants Josie Bryson, John Ware, Clarence Black, and Olive Dixon, as sole heirs of Missie Riddle, by answer and cross-petition alleged that the plaintiff's deed was void because of the mental incapacity of Missie Riddle at the time the deed was executed, and was obtained by fraud and misrepresentation on the part of plaintiff. It was further alleged that there was no consideration for the deed. After the trial the trial court permitted these defendants to file a supplement or amendment to their cross-petition, alleging as a further ground that plaintiff and her attorney, who was present when the deed was taken, occupied a fiduciary relationship to Missie Riddle, and that the taking of the deed to plaintiff was the result of the abuse of such relationship. The trial court found that at the time the deed to plaintiff was executed the grantor was so enfeebled mentally and physically that she was not capable of appreciating the consequences of her act; that a fiduciary relationship existed between plaintiff and the grantor, and that plaintiff occupied a dominant position by reason of the trust and confidence of Missie Riddle in plaintiff, and that Missie Riddle had no independent counsel or advice; that there was no sufficient consideration for

the deed, and that after its execution plaintiff led Missie Riddle to believe that she was not claiming title to the land by virtue of the deed. The court canceled the deed, and decreed the four defendants above named the owners of the land as the sole heirs of Missie Riddle. Plaintiff appeals.

Plaintiff makes five contentions in her brief. One contention, that the trial court erred in admitting incompetent evidence, is not argued, and will not be considered. The remaining contentions involve three propositions: (1) That the judgment is not supported by the evidence; (2) that the trial court reopened the case after rendering judgment; and (3) that the trial court erred in permitting the filing of the supplement or amendment to the cross-petition of defendants.

1. Plaintiff's first contention requires an analysis of the evidence. Therefrom it appears that Missie Riddle, the grantor in plaintiff's deed, was a colored woman about 61 years of age at the time the deed was executed. Plaintiff was her niece, the daughter of the defendant Josie Bryson. The land had been deeded to Missie by her husband, who died some six months before the deed was made. Missie Riddle was afflicted with high blood pressure, and in June, 1931, while in the home of plaintiff, suffered a mild stroke of paralysis. On December 19, 1931, at the home of plaintiff, she suffered a second and much more serious stroke, which completely paralyzed the left side of her body. On January 2, 1932, while still confined to her bed by reason of her paralyzed condition, she executed the deed to plaintiff, by which she conveyed to plaintiff all her property. She died in 1936 after a third stroke. These facts are undisputed. On other material points the evidence conflicts sharply. The witnesses, for the most part, were colored. As the trial occurred in 1938, their recollection of events transpiring six or seven years previously was to some extent vague and uncertain.

The evidence is voluminous, and it would serve no useful purpose to unduly lengthen this opinion by setting it out in detail. Suffice it to say that the evidence of defendants tended to prove that when the deed was taken Missie was not expected to live; that she was advised that it was a will, and that she was in a sort of stupor, but was raised up in her bed to sign the instrument, which was not read or explained to her; that upon being asked to whom she desired to leave her property, she pointed to the three children of plaintiff, standing at the foot of her bed, and said "those girls." Defendants also put in evidence certain letters from plaintiff and her attorney some two or more years after the deed was signed, and a rental contract prepared by the attorney, which were of a nature to lead Missie to believe that plaintiff regarded Missie as the owner of the land.

Plaintiff testified that at the time the deed was taken she expected Missie's death. Later, after her attorney testified that Missie was not in a dying condition, she changed her statement, and denied that she had so testified. Her attorney and a number of other witnesses all testified that Missie was fully competent mentally. Plaintiff's evidence showed that the deed was fully explained to Missie.

The medical evidence produced tended to cast doubt on Missie's ability to understand and appreciate the nature and consequences of her act.

Evidently the trial court placed much weight upon those facts whose existence was not dependent upon the uncertain recollections of witnesses. These facts were that the deed was taken without any consideration in plaintiff's home, by plaintiff and her attorney, from this old colored woman, admittedly very sick, without disinterested counsel or advice, and it divested her of all her property, and vested title thereto in her niece, who also was administrator of her husband's estate. These facts stand uncontradicted in the record, and, with the evidence of later acts and conduct on the part of plaintiff and her attorney tending to lead Missie to believe that she

was still the owner of the property, and with the medical evidence, justified the conclusion of the trial court that the execution and delivery of the deed was not the conscious, voluntary, and uncontrolled act of Missie Riddle, but rather the result of the influence and domination of plaintiff and her attorney over Missie, who was impaired and enfeebled mentally, and who could not and did not understand and appreciate the result of her act. If, as testified by plaintiff's witnesses, Missie Riddle was in no apparent danger of dying, no need existed for the haste in obtaining from her a conveyance of all her property. And why, if the transaction was fair, was it considered necessary to lead her to believe that the land was still hers? It is significant that plaintiff and her attorney were the only witnesses to whom Missie had ever expressed any desire to make over her property to plaintiff. No showing is made of any deep or unusual love or affection between Missie and plaintiff, unless it be inferred from the testimony of these two witnesses. The many contradictions and discrepancies in plaintiff's testimony render it of little value. The testimony of the attorney was a direct violation of the rules of ethics promulgated by the Bar of this state, and this was called to his attention by the objection of opposing counsel when he offered himself as a witness. The trial court appears to have given his testimony, under such circumstances, the weight to which it was entitled, and to have naturally inferred that in the taking of the deed he was acting solely for plaintiff.

In Graff v. Holliday, 172 Okla. 503, 45 P. 2d. 1065, this court held that where the evidence disclosed that the grantor was incapable of understanding the nature and magnitude of the transaction, and there was gross inadequacy of consideration for the conveyance, imposition or undue influence would be inferred, and the interposition of equity in such case was proper. The rule announced therein was apparently the rule applied to the present case by the trial court, and we think the conclusion reached was not against the clear weight of the evidence. The determinative facts in Myers v. Hamlin, 145 Okla. 59, 291 P. 524, and Scott v. Scott, 131 Okla. 144, 268 P. 245, relied on by plaintiff, do not appear from the evidence in the present case.

2. Plaintiff's contention that the trial court erred in reopening the case after having rendered judgment is based upon the fact that at that time both parties had rested their cases, and the trial court, perhaps as preliminary to rendering judgment, made certain comments on the evidence produced, and called attention to the failure of both parties to produce any medical testimony. Thereupon counsel for defendants suggested that one of the doctors had promised to appear and testify, but had been unable to do so, and suggested that the case be continued to permit counsel to produce this witness. Over the objection of counsel for plaintiff that the case had been closed, the trial court granted the requested continuance. No judgment had been rendered. No authorities are cited in support of this contention. The action of the trial court was not an abuse of discretion. Railway Express Agency v. Stephens, 183 Okla. 615, 83 P. 2d 858.

3. Plaintiff argues that the trial court erred in permitting defendants to file their supplement or admendment to their cross-petition. This was done at the close of the evidence, and after plaintiff's attorney had testified that he had at various times been consulted by Missie, and in some respects represented her as well as plaintiff. Under section 251, O. S. 1931, 12 O. S. A. § 317, broad discretion is given the trial courts in permitting amendments in furtherance of justice. Shade v. Miller, 131 Okla. 23, 267 P. 626. No abuse of discretion is shown, nor does plaintiff point out wherein the amendment was prejudicial to her, or operated to deprive her of any substantial right. We therefore conclude that the trial court did not err in permitting it.

Affirmed.

BAYLESS, C. J., and RILEY, OSBORN, and DANNER, JJ., concur.