ROSSER-MOON FURNITURE CO. v. HARRIS.

No. 30645. Oct. 6, 1942.

Rehearing Denied Dec. 15, 1942.

*131 P. 2d 1004.*

C. F. Green, of Ada, and A. C. Saunders, of Tulsa, for plaintiff in error.

Pryor & Wallace, of Wewoka, for defendant in error.

HURST, J. Plaintiff, Rosser-Moon Company, sued the defendant Sam Harris to recover the balance due on an account for labor and material furnished in upholstering and repairing furniture. A jury was waived, and from a judgment for defendant, the plaintiff appeals.

The plaintiff argues that error was committed in two respects, (1) in admitting evidence of payment when the defendant had not specifically pleaded payment as a defense, and (2) in overruling plaintiff's demurrer to defendant's evidence and entering judgment for defendant.

1. Defendant's answer consisted of a general denial, and it is clear that it did not present the issue of payment. Sullins v. Domer, 176 Okla. 45, 54 P. 2d 391. However, the record discloses that the defendant was permitted, without objection on the part of plaintiff, to testify that the account had been paid to plaintiff's agent who had handled the transaction. The plaintiff thereafter objected to a question propounded to defendant as to whether the agent still owed defendant, on the ground that payment was not pleaded, and the objection was sustained. Defendant's wife was permitted to testify, without objection, that the account had been paid, but immediately thereafter, and after defendant's attorney had finished questioning her, the plaintiff objected to the answer and moved that it be strick-

en. This was overruled. Thereafter, plaintiff introduced evidence tending to negative payment. Under this record we cannot say that error was committed in admitting evidence of payment. By failing to timely (64 C. J. 173; 26 R. C. L. 1046) object to such evidence, the plaintiff acquiesced in its introduction and cannot now be heard to contend that it was not admissible. McKee v. Thornton, 79 Okla. 138, 192 P. 212; 64 C. J. 168; 26 R. C. L. 1052.

2. The question, then, is whether the trial court had a right to consider the answer as amended to conform to the proof so as to present the issue of payment.

It is well settled, on both reason and authority, that evidence, inadmissible because not within the issues presented by the pleadings, which is admitted without objection, is to be considered and given weight for all purposes the same as if it were legally admissible. Sanley v. Wilkinson, 107 Okla. 54, 229 P. 574; 64 C. J. 225.

In view of our harmless error statutes (12 O. S. 1941 §§ 78, 639; 22 O. S. 1941 § 1068), it is the duty of the courts to disregard technical errors in pleadings and procedure which do not adversely affect the substantial rights of the parties. Under the statute providing for amendments after the issues are made up (12 O. S. 1941 § 317), the courts have a wide discretion in allowing amendments which are "in furtherance of justice." Ellis v. Boggs, 187 Okla. 544, 104 P. 2d 244; West's Okla. Digest, Pleading, § 236; 49 C. J. 472, § 597; 21 R. C. L. 572, § 127). The section also restricts amendments to those which do "not change substantially the claim or defense," but if the trial court does commit error in allowing an amendment which does "change substantially the claim or defense," contrary to said provision, such error is to be disregarded where it "does not affect the substantial rights of the adverse party" as provided in section 78, above. This is the view expressed by the Kansas court before sections 78 and 317

were adopted in Oklahoma. Stevens v. Matthewson (1891) 45 Kan. 594, 26 P. 38. See, also, Pomeroy's Code Remedies (4th Ed.) pp. 439-441. Under this construction of said sections of our statutes, this and other courts have been quite liberal in allowing amendment of petitions (see Snider v. Windsor, 77 Kan. 67, 93 P. 600; Z. J. Fort Produce Co. v. Southwestern Grain & Produce Co., 26 Okla. 13, 108 P. 386; Trower v. Roberts, 30 Okla. 215, 120 P. 617; E. Van Winkle Gin & Machine Works v. Brooks, 53 Okla. 411, 156 P. 1152; Purdy v. Foster, 109 Okla. 57; 234 P. 760; Bliss on Code Pleading (3rd Ed.) ch. 20, § 429; Pomeroy's Code Remedies (4th Ed.) pp. 632-639; 49 C. J. pp. 498-500, 509-513), and there is even more liberality in allowing amendment of answers. See 49 C. J. 529; Bliss on Code Pleading (3rd Ed.) ch. 20, § 430; Bancroft's Code Pleading, vol. 1, ch. 27, § 548. Thus it is held that an answer may be amended by setting up a distinct defense which must be affirmatively pleaded. Bancroft's Code Pleading, vol. 1, ch. 27, §§ 549-553; Bliss on Code Pleading (3rd Ed.) ch. 20, § 430; 49 C. J. pp. 537-539.

It follows that where, as here, evidence of payment was introduced without objection, and the answer is amendable so as to present the issue of payment, it was for the trial court 'to give to such evidence the weight to which it was entitled, and to consider the answer as amended to conform to the proof. Mulhall v. Mulhall, 3 Okla. 252, 41 P. 577; Barnsdall Nat. Bank v. Dykes, 136 Okla. 226, 277 P. 219; West's Okla. Digest, Appeal and Error, § 889.

The plaintiff did not ask for a continuance to meet the issue of payment, and did not in the trial court, and does not here, claim that it was taken by surprise or that it has any further evidence to offer on the issue of payment.

This being an action of legal cognizance, and there being evidence introduced without objection reasonably tending to support the judgment, it is our duty to consider the answer as amended to conform to the proof so as

to present the dèfense of payment and to affirm the judgment. Board of County Com'rs of Pottawatomie County v. A. C. Davis & Sons, 184 Okla. 258, 86 P. 2d 782; West's Okla. Digest, Appeal and Error, §§ 889, 1008 (2).

Affirmed.

RILEY, OSBORN, DAVISON, and ARNOLD, JJ., concur. GIBSON, J., concurs in conclusion. BAYLESS, J., dissents. WELCH, C. J., and CORN, V. C. J., absent.