FIRST NATIONAL BANK IN PAWHUSKA v. LEWIS.

No. 31250. March 7, 1944.

*146 P. 2d 840.*

Robert Stuart, of Pawhuska, for plaintiff in error.

J. C. Cornett, of Pawhuska, for defendant in error.

PER CURIAM. This action was instituted on April 23, 1941, by First National Bank in Pawhuska, successor to the American National Bank, and hereinafter referred to as plaintiff, against Stella Lewis, hereinafter referred to as defendant, to recover a balance alleged to be due on a note which had been executed by defendant on December 11, 1933, to the American National Bank.

Plaintiff in its petition alleged, in substance, that it had acquired the note when it succeeded the American National Bank of January 2, 1936; that the defendant had executed the note to its predecessor for a good and valuable consideration; that defendant had paid the interest on the note until April 26, 1936, and that there was due on the note the sum of $240, principal and interest, and $31 attorney fees, for which sums, together with interest and costs, plaintiff prayed judgment.' The non-usury affidavit required in suits of this nature was attached to the petition. Answer of the defendant constituted an admission of the essential allegations of the petition and in bar pleaded the statute of limitations and usury in the transaction. When the cause came on for trial defendant requested and was permitted to amend the answer so as to withdraw the admission theretofore made relative to the consideration and to thus put plaintiff on proof thereof. This amendment was permitted over the objection of the plaintiff. The effect of the amendment was to enable the defendant to introduce proof upon the absence of consideration for the note. Plaintiff, by counsel, advised the court that it was prepared to prove that the note had been executed for a good and valuable consideration. Trial was thereupon had to a jury. The evidence adduced at the trial was in conflict in some respects, but tended to establish the fact that the note had been executed by the defendant for the purpose of affording the payee collateral security for a note which Olin Lewis, the deceased husband of the defendant, had theretofore executed to the American National Bank. The evidence further tended to show the absence of detriment to the payee and of benefit to the payor in the transaction. There was no evidence to support the plea of the bar of the statute of limitations. The evidence with respect to any taint of usury in the transaction was very weak and unsatisfactory. The evidence of plaintiff contradicted that of the defendant in a number of material respects, particularly with reference to the absence of consideration and a plea of usury. Upon the evidence substantially as above narrated, the jury returned a verdict in favor of the defendant, and plaintiff has perfected this appeal.

Plaintiff as grounds for reversal makes three contentions, which may be summarized as follows: (1) It was error to permit the defendant to amend her answer and thus raise the issue of absence of consideration for the note; (2) the jury should have been instructed to disregard the plea of the statute of limitations made by the defendant; (3) it was error to instruct the jury upon the plea of usury.

The plaintiff in its petition alleged that it was the holder of the note as the successor of the payee named therein. It did not attempt to maintain the action as a holder in due course. 48 O. S. 1941 § 75 provides in part as follows:

"Absence or failure of consideration is a matter of defense as against any person not a holder in due course."

Under the foregoing statute defendant was entitled to assert absence of consideration as a defense to the action, and the fact that she did not do so in her original answer but thereafter was permitted to amend the answer so as to interpose said defense did not change the issues in any respect, but merely required the plaintiff to introduce proof which it would have been required to produce had the defendant merely entered a general denial in the first instance. When the amendment was permitted, plaintiff stated that it was prepared to make the necessary proof, and introduced evidence to rebut the testimony of the defendant upon the issues thus tendered.

Under the statute providing for amendment after the issues have been drawn (12 O. S. 1941 § 317), the courts are vested with broad discretion with respect to the allowance of amendments to pleadings. Rosser-Moon Furniture Co. v. Harris, 191 Okla. 607, 131 P. 2d 1004; Ellis v. Boggs, 187 Okla. 544, 104 P. 2d 244. No abuse of discretion has been shown in the allowance of amendment here involved.

The contention of plaintiff that the court should have instructed the jury to disregard the plea of the statute of limitations is wholly lacking in merit. The plea constituted a theory of defense. There was no evidence introduced to support the theory so presented and the court gave no instruction thereon. This was proper. The court need not instruct upon a theory of defense where there is no evidence to support it. See Farmers' Union Co-operative Gin Co. v. Fairbanks, Morse & Co., 181 Okla. 336, 73 P. 2d 1148.

The cause was tried upon conflicting evidence to a jury. There is evidence reasonably tending to support the verdict of the jury and the verdict was approved by the trial court. Under these circumstances, the judgment will not be disturbed on appeal. See Walker v. Oklahoma Natural Gas Co., 188 Okla. 241, 107 P. 2d 997. No reversible error is presented.

Judgment affirmed.

CORN, C. J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur. HURST and ARNOLD, JJ., absent.