COATS et al. v. DUNCAN.

No. 33395. Oct. 18, 1949.
Rehearing Denied Nov. 8, 1949.

*211 P. 2d 269.*

Jim Whitley, of Duncan, and Wm. T. Powell and Funston Flanagan, both of Walters, for plaintiffs in error.

Brown, Cund & Brown, of Duncan, for defendant in error.

GIBSON, J. This is an action brought by Ben A. Duncan against Jess O. Coats and Olga Lester to recover for labor performed and material furnished by him under contract with defendant Coats in the construction of a building on property owned by defendants in Stephens county, Okla., and for the foreclosure of a laborer's and materialman's lien against the property.

Plaintiff in his petition alleges that on the 3rd day of September, 1946, he entered into a written contract with defendant Coats whereby he agreed to fabricate and erect the steel framework for the building then under construction for the sum of $4,270; that thereafter in addition to the work to be performed under the written contract he entered into an oral contract with defendants to perform extra labor in connection with the construction of the building; that he did perform such extra labor, for which defendants agreed to pay him the additional sum of $384.-42; that the total amount due under the written and oral contracts amounted to $4,654.42; that defendants thereafter paid him the sum of $4,300, leaving a balance due in the sum of $354.42.

On the 2nd day of January, 1947, he filed a verified statement in the office of the court clerk of Stephens county, Okla., showing the amount due him for labor performed under the above contracts, which statement is attached to the petition as an exhibit and made a part thereof and contains all the necessary allegations and statements to perfect a lien against the premises as provided by 42 O. S. 1941 §142.

The defense was full payment for work performed under the written contract and a denial that an oral contract was ever entered into between the parties for the performance of extra work or that plaintiff had ever performed any extra work.

The trial was to a jury, resulting in a verdict in favor of plaintiff for the sum of $227.42. Judgment was entered on the verdict in that sum, and for foreclosure of the lien.

Defendants appeal and rely for reversal upon the following assignments: (1) admission of incompetent evidence; (2) error in giving instruction No. 5 to the jury; (3) insufficiency of the evidence to sustain the verdict and judgment.

All of these assignments are based primarily upon the first assignment, the alleged admission of incompetent evidence.

The record discloses that plaintiff in his original petition alleged and in his lien statement claimed the entire balance of $354.42 to be due for extra labor performed under the oral contract.

Plaintiff, however, testified that only $80 of this amount was due for extra labor performed, and that the balance of said amount was due for extra material furnished by him and used in the construction of the building at the defendants' instance and request for which they agreed to pay him.

Defendants contend that the evidence, in so far as it relates to the furnishing of extra material, was improperly admitted for the reason that it was not within the issues raised by the pleadings in the case. The evidence, however, was admitted without objection on the part of the defendants. Counsel for defendants cross-examined plaintiff at length as to such issues. Error in the admission of this evidence is not assigned as error in defendants' motion for a new trial.

The alleged error was at no time or in no manner called to the attention of the trial court during the progress of the trial. It is raised for the first time in this court. In these circumstances the error in the admission of this evidence will be deemed to have been waived by defendants and will not be considered by this court on appeal. Coons v. Coons, 128 Okla. 172, 261 P. 944; Rosser-Moon Furniture Co. v. Harris, 191 Okla. 607, 131 P. 2d 1004. The court in its instruction No. 5, in substance, told the jury that if they found and believed from the evidence that the plaintiff, at the instance and request of defendants, furnished extra material which he used in the construction of the building and had not been reimbursed for the same, plaintiff would be entitled to recover the value of the material so furnished.

Defendants contend that the court erred in giving this instruction for the reason that it was not within the issues raised by the pleadings in the case. While it is true that the instruction was not within the issues raised by the original pleadings in the case, it was within the issues raised by the evidence admitted without objection.

Since the evidence shows no variance as to the amount claimed, the trial court might have permitted the petition and the lien statement to be amended at the trial in order to show that part of the amount claimed was due for extra material furnished. Parker v. Everetts, 196 Okla. 408, 165 P. 2d 630; King v. Long-Bell Lbr. Co., 188 Okla. 46, 105 P. 2d 1060; Scroggy v. Kelley, 32 Okla. 398, 122 P. 694. This being true, the petition and lien statement may be treated by this court on appeal as having been amended to conform to the proof. Rosser-Moon Furniture Co. v. Harris, supra. Treating the pleadings as having been so amended the challenged instruction is within the issues raised by the pleadings in the case as well as within the issues raised by the evidence.

The trial court committed no error in giving this instruction.

What we have said above also disposes of defendants' contention that the evidence is insufficient to support the judgment in so far as recovery is allowed for extra material furnished.

Judgment affirmed.

ARNOLD, V. C. J., and WELCH, CORN, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.

Rehearing Denied Nov. 8, 1949.