Gladys Imogent VALLIER,
Plaintiff in Error,

v.

Jerry FOSBURG, Defendant in Error.

No. 39244.

Supreme Court of Oklahoma.

Sept. 13, 1961.

Rehearing Denied Dec. 5, 1961.

Rucker, Tabor, Best, Sharp & Shepherd, Joseph M. Best, O. H. "Pat" O'Neal, Tulsa, for plaintiff in error.

Jack C. Brown, Miami, Pete Farabi, Pittsburg, Kan., for defendant in error.

WILLIAMS, Chief Justice.

Jerry Fosburg, defendant in error, filed the action against Gladys Imogent Vallier, plaintiff in error, to recover for personal injuries allegedly received in an automobile collision from which this appeal arises.

Reference to the parties will hereinafter be made accordingly as they appeared in the trial court.

The plaintiff in her petition alleged that on January 4, 1959, she was a passenger in an automobile traveling north on Main street in Miami, Oklahoma; that an automobile operated by defendant rammed into the left rear side of the automobile in which she was riding; that she sustained permanent injuries as a result of said collision.

Plaintiff further alleged that defendant was negligent in that she drove her car at an excessive speed; that she failed to maintain a proper lookout, keep her car under proper control and give warning of her approach; that she did not keep her car in such control as to be able to stop same within the assured clear distance ahead of her; that she violated the rule of road under which the automobile in which plaintiff was a passenger was entitled to the right of way over defendant's automobile; that she carelessly, recklessly and with gross disregard of the rights of plaintiff drove her automobile against the one in which plaintiff was riding.

Defendant in her answer denied the plaintiff's allegations of negligence, and pleaded that the collision occurred through the independent, intervening negligence of Todd, driver of the vehicle in which plaintiff was riding.

A jury trial resulted in a verdict for plaintiff. Defendant appeals from the overruling of motion for new trial following entry of judgment upon that verdict.

Plaintiff's evidence was, in part, that Todd had parked his automobile on Main street approximately 20 feet from its intersection with Central and parallel to the curb; that at said intersection there was a red blinker light; that the streets were slick and icy; that when Todd proceeded to leave the parking area at about 2:00 or 3:00 A.M. he saw two automobiles about one block behind him; that he stopped for the blinker light; that when his automobile was half-way through the intersection,

traveling in the lane of traffic next to the parking area, it was struck by defendant's automobile; that none of the four persons in the Todd automobile had any previous warning of the approach of defendant's car or of the collision.

Defendant's evidence, in part, was that after stopping for the blinker light she proceeded north in the lane of traffic next to the parking area; that the Todd vehicle pulled from the curb and attempted to cut in front of defendant's automobile.

Defendant argues her first two propositions together, contending that "no negligence was shown on the part of the defendant"; that "Plaintiff only established that an accident did happen"; and that "the mere happening of an accident does not create a presumption of negligence."

■ In Hembree v. Southard, Okl., 339 P.2d 771, 774, we said:

"In the instant case, we are governed by the rules applicable to civil actions generally. 60 C.J.S. Motor Vehicles § 167. That is, in considering the trial court's action on defendant's demurrer to the evidence and his motion for a new trial, we will consider the facts and circumstances and reasonable inferences to be drawn therefrom in the light most favorable to plaintiff's theory of the case in order to determine the question of defendant's negligence (and other issues involved in the case) and apply the well-established rule that in an action of legal cognizance, tried to a jury, the jury's verdict and judgment based thereon will not be set aside if there is any evidence or inferences to be drawn therefrom, reasonably tending to sustain it."

We will not speculate as to the exact basis of the jury's decision. Suffice it to say, the jury did not agree with defendant's version of the collision, but evidently found that the proximate cause of the collision was defendant's negligence in driving her automobile into Todd's.

■ We are of the opinion that the evidence and reasonable inferences from the circumstances are sufficient to sustain the finding that defendant was negligent, which necessarily inheres in the verdict. The trial court did not commit error in overruling defendant's demurrer and motion for directed verdict, nor in rendering judgment for plaintiff.

Defendant's "Proposition III" is that: "The trial court erred in not instructing on contributory negligence."

We do not agree.

■ Defendant does not contend that any possible negligence of Todd is to be imputed, to plaintiff, his passenger. Plaintiff was sitting on the right side of the front seat, and the evidence is that she did not see defendant's automobile before the collision. Our examination of the record reveals no evidence from which it may be inferred or presumed that plaintiff was contributorily negligent. She had no warning of approaching danger, and there was no particular reason for her to anticipate such.

■ In Kelly v. Employers Cas. Co., 202 Okl. 437, 214 P.2d 925, 926, we said:

"It is error to submit to the jury the question of contributory negligence where no evidence tending to show contributory negligence has been introduced by plaintiff or defendant."

Defendant's "Proposition IV" is: "The Court erred in instructing the jury on aggravation in the absence of evidence to support the claim." Defendant contends that "The record is absolutely void of any suggestion that there was aggravation of a latent defect or dormant condition."

In part, Instruction 11 reads as follows:

"If you find that the plaintiff is entitled to recover damages in this case, as your measure of damages you may take into consideration the age of plaintiff, the character, nature and extent of the personal injuries sustained by the plaintiff, together with any pain and suffering of body and mind which she sustained, or is reasonable certain in the future to suffer from said injuries,

the state and condition of her health before and subsequent to the injuries complained of insofar as her present health has been affected by the alleged injuries, together with an aggravation of a latent or dormant condition * * *."

The defendant did not attempt to refute the extent of plaintiff's injuries. The plaintiff testified that Dr. R. examined her for the defendant. Defendant did not offer any medical evidence. This would seem to indicate that the testimony of defendant's doctor, R., would not have been greatly at variance from that of plaintiff's doctors.

The defendant does not contend that the verdict is excessive; that it would have been less if the jury had not been instructed on aggravation.

■ Defendant in cross-examining plaintiff, her witness Todd and her present employer attempted to secure evidence of an admission by plaintiff that her neck was injured in an automobile collision in California. Each denied any knowledge of such an admission or injury.

In cross-examining plaintiff's doctors, defendant brought out that they did not know what her condition was prior to the time they examined her, and that they assumed the history she gave about the accident in question in the trial herein involved was true. In the cross-examination of plaintiff, testimony was developed that her neck was injured on two occasions when she was assaulted and beaten.

It would seem to us that the defendant by the recited course of conduct pursued on cross-examination of witnesses for the plaintiff, perhaps invited the reference to aggravation in instruction No. 11. Be that as it may, in view of the foregoing treatment, we deem the error, if any, harmless.

In the case of Squyres v. Klick, Okl., 264 P.2d 325, 326, we said:

"Before the court will reverse a case for alleged errors in instructions given

it must clearly appear that the instructions complained of have caused a miscarriage of justice."

In the case of Coats v. Duncan, 202 Okl. 188, 211 P.2d 269, 270, we held:

"The trial court commits no error in giving an instruction within the issues raised by the evidence in the case admitted without objection, although not within the issues raised by the original pleadings in the case, where the pleadings might have properly been amended at the trial to conform to the proof."

Judgment affirmed.