**Robert T. CORNWELL, Administrator of the Estate of Michael Owens, Deceased, Plaintiff in Error,**

v.

**Phillip Earl KEITHLEY, Defendant in Error.**

**No. 42877.**

Supreme Court of Oklahoma.

March 16, 1971.

Rehearing Denied June 15, 1971.

Jack B. Sellers, Sapulpa, for plaintiff in error.

Best, Sharp, Thomas & Glass by Joseph M. Best and Joseph A. Sharp, Tulsa, for defendant in error.

DAVISON, Vice Chief Justice.

Plaintiff in error was plaintiff in the trial court and appeals adverse judgment for defendant in a wrongful death action. Trial court designations will be used. Judgment was entered on jury verdict. In the course of preparation of the record on appeal it became known that a part of the testimony of an expert witness appearing for defendant could not be included in the record because of loss of part of the related stenographic notes. Supplemental motion for new trial, asserting inability to prepare a record on appeal, was heard and denied by the trial court. Plaintiff in his brief confines his presentation to two allegations of error, first, in denial of a new trial sought because a complete record of the trial court proceedings could not be obtained, and, second, admission of testimony which was not lawfully admissible. Other allegations of error, not argued in the brief of plaintiff, are treated as forsaken by plaintiff.

Death of plaintiff's decedent was caused by collision of a southbound automobile in which decedent was a passenger with the northbound automobile being operated by defendant. The crucial question was liability, which turned basically on the point of impact, i. e., which vehicle was in the wrong lane of a two lane highway.

Defendant testified that he drove the vehicle operated by him in a northerly direction along the east side of the highway for a distance of approximately a half mile immediately before the collision, that he was by the collision rendered unconscious and was able to recall nothing of the events immediately following. The highway patrol officer who investigated the accident testified for defendant as an expert, that in his opinion the point of impact was on the east side of the roadway in the lane for northbound traffic including of course defendant. Defendant also adduced an expert witness, a physicist, who also testified that the point of impact in his opinion was in the northbound lane. Most, but not all, of the expert testimony of the physicist on direct examination is included in the record on appeal, but no part of his testimony on cross-examination is transcribed, because of loss of the related stenographic notes. The omission of that testimony is the basis for plaintiff's prayer for a new trial pursuant to 12 O.S.Supp.1963, § 651(9).

■ The verdict of the jury is supported by evidence in the record. A judgment on a jury verdict will not be disturbed on appeal if there is any evidence or inferences to be drawn from evidence reasonably tending to sustain the verdict. Vallier v. Fosburg, Okl., 365 P.2d 160, 162. If the probative value of the expert testimony of the physicist had been wholly destroyed by cross-examination, the verdict is nevertheless supported by other competent evidence and the judgment would not be disturbed by this court on appeal. The jury did not agree with the plaintiff's version of the mishap, and the verdict for the defendant, is fully supported by evidence independent of the testimony of the physicist. The missing portion of the record could not possibly counter that independent evidence.

A wholly different problem is presented where there can be no record of any of the trial court proceedings. There is here a sufficient record to support the verdict and the judgment. If the record were entire, the weight of the evidence would not be an appellate question in a jury trial lawsuit. Shelton v. Tapley, Okl., 329 P.2d 672.

■ Plaintiff in error urges under the second and only remaining proposition in his brief that the expert testimony of the physicist was inadmissible because elicited on a hypothetical question which assumed a fact not in evidence. The fact assumed in the hypothetical question was a point of impact in the east lane. Plaintiff in error urges that the only evidence on point of impact was opinion evidence by the highway trooper, which could not constitute a

fact in evidence assumed for the purpose of propounding a hypothetical question. The contention fails to consider the testimony of defendant that he drove his vehicle in the northbound, or east, lane for a distance of half mile immediately preceding the collision and did not at the time of the collision operate his vehicle in the west, or southbound lane. Defendant further testified that the collision occurred when the southbound vehicle in which decedent was a passenger was driven into the northbound, or east lane. Thus there was a basis for the assumption in the hypothetical question concerning point of impact and the response by the expert witness was admissible.

Affirmed.

BERRY, C. J., and WILLIAMS, BLACKBIRD, IRWIN, HODGES, LAVENDER and McINERNEY, JJ., concur.