BLISSFIELD COMMUNITY SCHOOLS DISTRICT *v.* STRECH.

1. EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—AMENDMENT OF
   DESCRIPTION IN PETITION.
   Amendment to petition for condemnation of defendant's land
   for use of plaintiff school district was properly and timely
   filed, where amendment, properly describing defendant's land
   was filed before case was submitted to jury, jury viewed the
   premises and correctly described it in its certificate and no
   one appears to have been prejudiced or misled by reason of
   the incorrect description in the original petition (PA 1955, No
   269, pt 2, ch 14).

2. PLEADINGS—AMENDMENT—CONSTRUCTION OF COURT RULES AND
   STATUTES.
   Generally, procedural rules and statutes relating to the amend-
   ment of pleadings are liberally construed to accomplish their
   purpose.

3. EMINENT DOMAIN—DESCRIPTION—AMENDMENT OF PETITION.
   Proceedings to condemn lands for school district were not void
   because of erroneous description of land proposed to be
   taken, as contained in original petition, especially where
   amendment of petition to incorporate correct description and
   reduce the quantity to be condemned was made before submis-
   sion of the case to the jury (PA 1955, No 269, pt 2, ch 14).

4. SAME—CONDEMNATION PROCEEDINGS—NOTICE TO JURORS.
   Fact that notices in condemnation proceeding to jurors who had

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 18 Am Jur, Eminent Domain § 327.
[2] 41 Am Jur, Pleading § 292.
[4] 31 Am Jur, Jury §§ 69, 73 *et seq.*
[5] 18 Am Jur, Eminent Domain § 362.
[6] 53 Am Jur, Trial § 452 *et seq.*
[7, 9] 18 Am Jur, Eminent Domain § 334.
[8] 18·Am Jur, Eminent Domain §§ 376, 377.
[8, 9] 2 Am Jur, Appeal and Error § 117; 18 Am Jur, Eminent Do-
main § 373 *et seq.*

been summoned by the sheriff upon order of the court, were mailed out by plaintiff's attorney by registered mail with return registry cards to the office of the attorney for plaintiff school district *held*, not to have invalidated proceedings, where jurors who received the notices appeared in court at the appointed time, no objection was made on the hearing that any irregularity had occurred with reference to sending the notices out and there is no claim or showing of prejudice, fraud or mistake (PA 1955, No 269, § 712).

5. SAME—CONDEMNATION PROCEEDING—JURY.

A jury in a condemnation proceeding is the judge of the law as well as the facts.

6. SAME—ARGUMENT TO JURY—NECESSITY—STATUTES.

Argument of plaintiff school district's attorney, in address to jury before presentation of proofs in condemnation proceedings wherein the nature of the proceedings and questions involved were pointed out, that statute provided that the effect of the designation by the school board was to establish prima facie evidence of necessity but plaintiff would also introduce proof thereof *held*, not to have misled jury (PA 1955, No 269, § 711).

7. SAME—FORM OF CERTIFICATE AS TO FINDING ON QUESTION OF NECESSITY.

Form of certificate presented to jury in school district's proceeding to condemn defendant's land that jury found "it is necessary that the land described" should be condemned was not misleading because there was no blank space before the word "necessary" for the insertion of the word "not," where trial judge gave clear and specific directions to jury with reference to their acts in preparing and returning the certificate.

8. SAME—AWARD—EVIDENCE.

The Supreme Court may not properly interfere with an award made in condemnation proceedings by school district, where the jurors viewed the premises and the amount of the compensation fixed was supported by testimony (PA 1955, No 269, §§ 711, 712).

9. APPEAL AND ERROR—QUESTIONS REVIEWABLE—NECESSITY FOR CONDEMNATION.

Claim that condemnation proceeding was prematurely brought and the finding of necessity not justified because the school district had not issued bonds or authorized such issuance *held*, wholly without merit and too late, where not raised on the

hearing before the jury or otherwise in circuit court and there
was no showing that the procurement of a site will require the
issuance of bonds (PA 1955, No 269, §§ 711, 712).

Appeal from Lenawee; Martin (Rex B.), J. Submitted June 13, 1956. (Docket No. 63, Calendar No. 46,770.) Decided June 28, 1956.

Condemnation proceedings by the Blissfield Community Schools District against Karl Strech. Verdict of necessity and just compensation, with order and judgment thereon. Defendant appeals. Affirmed.

*Aloysius B. O'Mara,* for plaintiff.

*Baker & Baker,* for defendant.

CARR, J. Plaintiff is a school district of the fourth class and as such is subject to the provisions of the school code of 1955 (PA 1955, No 269). Part 2, chapter 14, of the statute (Stat Ann 1955 Cum Supp §15.3711 *et seq.*) makes provision for the condemnation of land for school sites and additions thereto. Deeming it necessary to secure additional land for the erection of school buildings, and the establishment of facilities in connection therewith, plaintiff, through its school board, negotiated with the owners of property for the purpose of obtaining approximately 40 acres for the purposes indicated. Included therein was a 5-acre parcel belonging to the defendant Karl Strech.

It is claimed that options were obtained on the desired property with the exception of Strech's land, and that negotiations were had with him but that they were unsuccessful. Thereupon, pursuant to the statutory provisions above cited, the school board filed a petition in the circuit court of Lenawee county alleg-

ing the necessity of acquiring the land in question for school purposes, and the failure to obtain it through negotiations. It was requested that the court fix a time and place for hearing on the petition and that the subsequent statutory procedure be followed. Said petition was filed September 6, 1955, and on the same day an order was issued providing for a hearing on the 4th day of October, following. Jurors were summoned, the hearing took place, and a certificate was returned by the jury declaring it necessary to take the property in question and fixing the value thereof at $1,200 per acre. A motion for a new trial was made and denied. Defendant has appealed to this Court claiming defects and irregularities in the proceedings of such nature as to render void the judgment entered on the finding of the jury.

It is conceded that the petition, as originally filed, did not correctly describe the property of the defendant that the school board desired to obtain. The error being discovered, an amendment containing a correct description of defendant Strech's parcel was filed before submission of the case to the jury. No claim is made that prejudice resulted from the error or that anyone was misled because of the incorrect description in the original petition. The certificate returned by the jury correctly described it, and recited further that the jury had viewed the premises. No claim is made that the view was not of the property actually in dispute. Defendant, testifying in his own behalf on the hearing, was asked if the description in the petition was correct, and answered, "I guess it is." He also stated: "I know where the property is. I should know, 30 years." It is claimed that a copy of the amendment correcting the description was tendered to defendant but that he declined to receive it. In his opinion denying the motion for a new trial the circuit judge indicated that following the entry of judgment certain papers sent

to defendant by registered mail were rejected. It is a fair conclusion that defendant, who acted as his own attorney on the hearing in circuit court, took a hostile attitude toward the proceedings and toward the plaintiff.

Appellant claims that the fact that the property was not correctly described in the original petition rendered the proceedings void. In considering this claim the circuit judge, in his opinion on the motion for a new trial, came to the conclusion that the amendment was "properly and timely filed." He further found that defendant was in no way prejudiced. As before noted, the proofs on the hearing related to the parcel in dispute which was correctly described in the certificate returned by the jury. Under the circumstances we are in accord with the finding of the circuit judge.

As a general proposition, procedural rules and statutes relating to the amendment of pleadings are liberally construed to accomplish their purpose. In 18 Am Jur, Eminent Domain, § 327, p 971, it is said:

"The rules applicable to the amendment of pleadings generally are in general recognized in condemnation proceedings. A petitioner may properly be permitted to amend the petition so as to limit the character of the easement sought to be condemned. The court may properly permit the amendment of the complaint or petition after the appraisement has been filed, to make the description of the real estate therein correspond with the description in the appraisement."

In *In re Huron-Clinton Metropolitan Authority,* 306 Mich 373, 385, the Court quoted with approval from Randolph, The Law of Eminent Domain, § 354, pp 322, 323, as follows:

" 'The petition may be amended not only in formal matters, but to rectify substantial errors and omis-

sions. Thus, the petition may be amended by adding necessary parties, altering the location of the work, *reducing the quantity of land to be condemned,* altering the description of the property in question, and alleging that the work will be of public utility, and thereby taken out of the category of private uses.' "

In accord with the quoted statement from Randolph is the following from 2 Lewis, Eminent Domain (3d ed), § 561, pp 994–996:

"The practice of allowing amendments is one which should find favor with the courts, since it saves time and expense, both to the public and to the parties interested. We shall refer to the decisions without attempting to lay down any general rules. Amendments have been allowed so as to show that the signers were freeholders, as required by statute, by inserting the residence of the different owners, by inserting an allegation that a ditch would be conducive to health and of public utility, though essential to give jurisdiction, changing the description of a highway asked for, though on appeal, so as to conform to the way actually laid out and evidently intended to be asked for, by inserting an allegation of inability to agree, or refusal of selectmen to lay out the way petitioned for, by striking out the words 'sitting as a court of chancery' in the address to the court, by increasing the amount of damages claimed, by inserting or correcting allegations as to ownership, by making the description of the property sought to be taken more definite, or otherwise perfecting or changing the description, by adding new names to the petition, by inserting the names of the owners of land taken, by inserting a stipulation as to the manner of constructing a railroad across the property in question. It has been held that a petition cannot be amended by inserting an allegation essential to jurisdiction, especially after it has been acted upon. But the general rule is that the power of amendment extends to jurisdictional as well as other

matters. 'Such statutes,' says the court in one case, 'are rightly accorded a liberal, as distinguished from a restrictive, interpretation, and are almost uniformly held to be as applicable to the correction of errors and omissions in the statement of jurisdictional facts as to the correction of other defects.' "

In support of the statements made in the quotations from Randolph and Lewis numerous decisions are cited. As illustrative of the position heretofore taken by this Court in the interpretation of charter and statutory provisions relating to amendments, we call attention to *In re Brewster Street Housing Site,* 291 Mich 313; and *Department of Conservation* v. *Connor,* 316 Mich 565. Counsel for appellant have cited *Mathias* v. *Carson, Drain Commissioner,* 49 Mich 465. It does not appear, however, that in said case any attempt was made to correct by amendment the defect in the original petition. The claim that the instant proceedings were void for the reason urged is not well-founded.

It is further asserted on behalf of appellant that the procedure followed in summoning the jurors was defective. Section 712 of the school code of 1955, above cited (Stat Ann 1955 Cum Supp § 15.3712), reads as follows:

"It shall be the duty of the circuit judge or circuit court commissioner, upon such application being made to him, to issue a summons or venire, directed to the sheriff or any constable of the county, commanding him to summon 18 freeholders residing in the vicinity of such site who are in nowise of kin to the owner of such real estate and not interested therein to appear before such judge or commissioner, at the time and place therein named, not less than 20 nor more than 50 days from the time of issuing such summons or venire, as a jury to ascertain and determine the just compensation to be made for the real estate required by such school district for such

site, or for the enlargement thereof, and the necessity for using the same, and to notify the owner or occupant of such real estate, if he can be found in the county, of the time and place where such jury is summoned to appear, and the object for which such jury is summoned, which notice shall be served at least 10 days before the time specified in such summons or venire for the jury to appear as hereinbefore mentioned."

It appears from the record in the present case that on the filing of the petition the circuit judge issued a venire directed to the sheriff requiring the latter to summon 18 qualified jurors. It further appears that the sheriff duly prepared a list in accordance with the order of the court, but that instead of sending the notices himself he requested the attorney for the plaintiff to mail them out. This was done and the return registry cards came back, with 1 exception, to the office of the attorney. Subsequently proof of service was filed by the sheriff.

Apparently it is the claim of counsel that the act of the sheriff in procuring the attorney for plaintiff to perform the ministerial act of mailing resulted in a material defect. It is not shown, however, that defendant was in any way prejudiced, and the jurors who received the notices appeared in court at the time appointed. No objection was made on the hearing that any irregularity had occurred with reference to sending them out. It doubtless would have been better practice to have sent said notices from the sheriff's office and to have requested return receipts addressed accordingly, but it cannot be said that the method of procedure followed was open to attack in the absence of any showing, or any claim, of prejudice, fraud, or mistake. Other questions raised with reference to the jurors who heard the matter are without merit and do not require discussion.

In advance of the presentation of proofs counsel

for the plaintiff addressed the jury, pointing out the nature of the proceedings and the questions involved. In doing so he directed attention to a provision of the statute (section 711 of the 1955 school code [Stat Ann 1955 Cum Supp § 15.3711]) as to the effect of the designation by the school board of land desired for a schoolhouse site, said statutory provision making the designation prima facie evidence of necessity. The attorney further stated to the jury that plaintiff was not relying on the statute but would offer proof on the issue of necessity. This was done, and the proofs introduced tended to show as a matter of fact that the taking of defendant's property for the purpose for which it was sought would be reasonably conducive to the public welfare. The jurors were judges of the law as well as of the facts. The argument of counsel was not improper, and we think it highly improbable that any member of the jury could have been misled thereby.

At the conclusion of the proofs a form of certificate prepared by counsel for the plaintiff was delivered by the trial judge to the jury for the convenience of the latter  At the time the judge carefully explained the certificate, saying, in part:

"Now I will say this, if you find for the school district, then this certificate is in the proper form and after you fill in the amount of money which you would give to the owners of the land, then you would sign the certificate.

"Now, if you find that there is no necessity in condemning this land, then I will suggest to you that you take the second paragraph and insert the word 'not.'

"In other words, it says, 'The jury unanimously ascertains and determines that it is necessary that the land described as follows should be condemned.' And if you find it is not necessary you just would insert, 'The jury unanimously ascertains and determines that it is not necessary,' and sign the cer-

tificate without filling in any amount, because if it is not necessary to condemn the land you don't have to go into the question of value. You understand that?"

To the question of the court the foreman of the jury answered affirmatively. Appellant says that the form of certificate, to which apparently no objection was made at the time, should have contained a blank space before the word "necessary." We think the remarks of the circuit judge were so clear and specific as to preclude the possibility of any error on the part of the jurors, or any of them, with reference to their acts in preparing and returning the certificate. The insertion suggested in the event of a failure to find necessity for the taking of the property would undoubtedly have been made if the issue had been determined in defendant's favor, and in that event no compensation would have been fixed. The directions given by the court, in effect, bring the situation within the purview of the holding in *Michigan Central R. Co.* v. *Miller,* 172 Mich 201. Obviously the question in any such case is whether the jury might have been misled by the form of the certificate. In *Manistee & Northeastern R. Co.* v. *Fowler,* 73 Mich 217, cited by appellant, it does not appear that the jury was advised by the court as to the possible manner of altering or filling in the certificate.

Appellant complains that the jury did not allow him fair compensation for his property. However, the jurors viewed the premises, and the amount of compensation fixed was supported by testimony. The award was within the range of the proofs. *Commission of Conservation* v. *Hane,* 248 Mich 473; *Department of Conservation* v. *Connor, supra.* In view of the situation presented the Court may not properly interfere with the award.

It is suggested on behalf of appellant that the condemnation proceeding was prematurely brought,

and the finding of necessity not justified, because the school district had not issued bonds, or authorized such issuance. It does not appear that this question was raised on the hearing before the jury, or otherwise in circuit court. The objection not only comes too late but in our opinion is wholly without merit. There is no showing that procuring the site will require the issuance of bonds. If the construction of buildings and other facilities does so, the qualified electors determining the matter will be informed with reference to the location.

Other questions raised by counsel in oral argument, or in their briefs, have been considered but do not require discussion. We find no substantial basis in the record for appellant's claims of material and prejudicial defects and irregularities. The judgment entered in circuit court on the certificate of the jury is affirmed. Plaintiff may have costs on this appeal.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, BOYLES, KELLY, and BLACK, JJ., concurred.