**J. C. WILKINSON, Plaintiff in Error,**

**v.**

**CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, a Corporation, and H. M. Kenaga, Defendants in Error.**

**No. 41170.**

Supreme Court of Oklahoma.

Oct. 25, 1966.

Rinehart & Morrison, Oklahoma City, for plaintiff in error.

Loyd Benefield, of Savage, Gibson, Benefield & Shelton, Oklahoma City, for defendants in error.

IRWIN, Justice.

The wife and daughter of plaintiff in error, J. C. Wilkerson, hereinafter referred to as plaintiff, were killed as a result of an automobile-train collision. Plaintiff commenced this action against the railroad company and the train's operator, H. M. Kenaga, to recover damages for the death of his wife only.

The jury returned a verdict for defendants and plaintiff appeals from the order overruling his motion for a new trial.

Only those facts necessary to determine the issues raised in this appeal will be delineated.

## PROPOSITION I

Plaintiff contends the trial court erred in (1) submitting to the jury the question of whether the accident occurred within or without the City of Chickasha, Oklahoma; (2) permitting defendants to contend that the place of the accident was not within the City of Chickasha; and (3) failing to grant a new trial because plaintiff was surprised by defendants' evidence concerning the location of the city limits of Chickasha.

Plaintiff alleged that the accident occurred within the City of Chickasha. Defendants' answer to the amended petition admitted that "the accident occurred where the Rock Island lines cross Arkansas Avenue in the City of Chickasha, * * *".

Plaintiff argues the above language was an admission the accident occurred "within" the city limits, and that plaintiff's witness testified the accident occurred within the city limits and "there was no testimony to the contrary". In line with this argument, plaintiff contends that since it

was admitted and established that the accident occurred within the city limits, the trial court erred in instructing the jury that the city ordinance of Chickasha would not be applicable if it found the accident occurred outside the city limits.

Plaintiff's argument "there was no testimony to the contrary" that the accident did not occur within the city limits is inconsistent with his contention that he was surprised by defendants' evidence concerning the location of the city limits of Chickasha. One of the grounds set forth in plaintiff's motion for a new trial was to the effect that the court allowed defendants to introduce evidence concerning the city limits in direct conflict to his amended answer.

On the first day of the trial plaintiff introduced the City Ordinance of Chickasha and at that time defendants immediately objected to its introduction and argued there was no proof the accident occurred within the city limits. At the same time defendants requested permission to amend its answer and argued that the language above referred to was not an admission but was only intended to identify the general location of the accident; and that such was a conclusion and was careless or a mistake on the part of counsel. Defendants also argued that prior to trial they refused to agree the accident occurred within the city limits as there was evidence indicating it did not.

We find difficulty understanding how plaintiff can claim "surprise which ordinary prudence would not have guarded against", when the court permitted defendant to introduce evidence to show the accident occurred outside the city limits. The record discloses that on the first day of the trial the defendants clearly disclosed their position, i. e., they were contending the accident did not occur within the city limits and requested their answer be amended to more clearly reflect that position. The next day of the trial plaintiff introduced rebuttal testimony to the effect this accident occurred within the city limits. This rebuttal consisted of testimony by the City Engineer

of Chickasha, who lived in Chickasha, and this trial was being conducted in Seminole, Oklahoma. The record clearly discloses plaintiff was adequately advised and prepared to meet this issue. Furthermore, the record does not disclose that plaintiff requested a continuance because of this alleged surprise but continued with the trial.

■ We find and hold that there was conflicting testimony submitted on the issue as to whether the accident occurred within or without the city limits of Chickasha, and the court did not err in submitting such issue to the jury; and that plaintiff was not surprised by defendants' denying said accident occurred within the city limits and the submission of testimony to support their position on such matter.

Title 12 O.S.1961, § 317, provides in effect that the court may, before or after judgment, in furtherance of justice, amend any pleading or correct a mistake, or conform the pleadings to the facts proved, when such amendment does not change substantially the claim or defense.

Plaintiff argues the record does not disclose that the trial court authorized defendants' requested amendment; that defendants merely requested the amendment; that the court actually did nothing; and no written amendment was filed.

■■ This Court has on many occasions considered and construed Section 317, supra, and we have held that amendments to pleadings are favored and a trial court should be liberal in their allowance. Detwiler v. Duncan, 199 Okl. 189, 185 P.2d 200; Ganas v. Tselos, 157 Okl. 107, 11 P.2d 751. It is within the sound discretion of the trial court to grant or refuse amendments to pleadings and in the absence of abuse of discretion the ruling of the trial court will not be disturbed on appeal. Horton v. Wachtman Drilling Company, Okl., 385 P.2d 802.

■ Assuming the language in defendants' answer to the amended petition did constitute an admission that the accident occurred within the city limits, we have held

that an amendment which has the effect of withdrawing a prior admission and putting the other party upon proof of the material allegations of his pleading does not change the claim or defense. It merely required the plaintiff to introduce proof which it would have been required to produce had the defendants merely entered a general denial in the first instance. See Woolfolk v. Semrod, Okl., 351 P.2d 742, and First Nat. Bank in Pawhuska v. Lewis, 193 Okl. 678, 146 P.2d 840.

■ We now consider plaintiff's argument that nothing was done regarding defendants' requested amendment and no written amendment was filed. In White v. Kimerer, 83 Okl. 9, 200 P. 430, defendants alleged the court abused its discretion in not permitting them to amend their answer to conform to the proof. We stated therein:

"The jury was instructed on the question of whether the deceased was an employee or a licensee; therefore no prejudicial error was committed by not permitting the *physical* amendment to be made in the answer. The instructions gave defendants the benefit of the amendment the same as though it had been interlined in the answer." (emphasis supplied).

In the instant case the instruction which plaintiff contends constitutes error, had the effect of amending defendants' answer in the manner and to the effect requested. This is true even though a new and separate written instrument was not submitted nor a physical amendment interlined in defendants' answer previously filed in the cause.

## PROPOSITION II

■ Plaintiff contends the trial court erred in instructing the jury on imputed negligence.

Defendants alleged in their amended answer that plaintiff's deceased wife and daughter were engaged in a joint mission or venture at the time of the accident and that the negligence of the driver would be imputed to the passenger.

A review of this record discloses the following: No one was able to determine whether the plaintiff's wife or his daughter was driving the automobile at the time of the accident, but there was an indication the daughter was driving since her body was located much closer to the point of impact than her mother. The plaintiff testified as follows: the car involved in the accident was a family car and the title to same was in his name; plaintiff was employed in Oklahoma City at the time of the accident; the deceased daughter had just finished high school and the family home in Duncan had been sold; both the mother and daughter were on their way to Oklahoma City to look at a house preliminary to buying and making their new home in Oklahoma City; that if the daughter was doing something that she shouldn't while she was driving, the mother would correct or tell her what to do; that in his opinion, based on his knowledge of the mother and daughter, on this particular trip they would have maintained the same attitude of advice when necessary.

In Danner v. Chandler, 204 Okl. 693, 233 P.2d 953, one of the cases relied upon by plaintiff, we held that parties cannot be engaged in a joint enterprise, within the law of negligence, unless there be a community of interests in the objects or purposes of the undertaking, an equal right to direct and govern the movement and conduct of each other with respect thereto. Each must have some voice and right to be heard in its control and management.

Under the facts herein presented, the trial court did not err in instructing the jury on imputed negligence.

Judgment affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY and HODGES, JJ., concur.