**OKLAHOMA CITY, a municipal corporation, Plaintiff in Error,**

v.

**W. H. LOCKERT and Irene M. Lockert, Defendants in Error.**

**No. 42909.**

Supreme Court of Oklahoma.

April 20, 1971.

Roy H. Semtner, Municipal Counselor, David M. Harbour, Asst. Municipal Counselor, Oklahoma City, for plaintiff in error.

James W. Bill Berry, Berry & Berry, Oklahoma City, for defendants in error.

DAVISON, Vice Chief Justice.

This is an appeal by the City of Oklahoma City (plaintiff below) from an adverse judgment rendered in favor of W. H. Lockert and Irene M. Lockert (defendants) whereby the trial court denied the City's application to amend its petition and the commissioners' report in an eminent domain proceeding, and further sustained the above defendants' motion for summary judgment by rendering judgment for them and dismissing them as parties defendant.

The facts are that on July 11, 1962, the City filed its petition, with its resolution of necessity attached as an exhibit, against a number of persons to condemn several tracts of land owned severally by these persons, including a one-half acre square tract owned by the defendants Lockerts. The City described the Lockerts' land in the petition as follows:

> "One-half acre in a square in the Southeast corner of the *Southwest* Quarter of Section 34, Township 11 North, Range 4 West, in Oklahoma County, Oklahoma, containing ½ acre, more or less." (emphasis supplied)

The description was defective in that the tract was actually in the "Southeast" quarter and was not in the "Southwest" quarter. The land was correctly described in City's resolution of necessity attached to the petition. The defective description appeared in the notice of hearing for appointment of commissioners, the order appointing commissioners, and in the commissioners' report. The Lockerts were personally served with the notice of hearing, supra, and their attorney attended the hearing at which the commissioners were appointed. The commissioners fixed the Lockerts' damages for the taking of their improved tract at $25,000.00. City paid this amount into court and took possession of Lockerts' property. In due time the City filed a demand for a jury trial to determine the question of the compensation to be paid to the Lockerts.

Thereafter, on August 7, 1962, the Lockerts filed an application, which they personally signed, for an order directing the court clerk to pay them the $25,000.00, stating that "they are the owners of the land being herein condemned, described as follows: * * *" and then set forth ver-

batim the defective description. The application further states that the commissioners have filed "their award for the taking of defendants' land at $25,000.00 * * *." The court granted this application by order reciting that the commissioners' report fixed "the award in favor of said applicants in the amount of $25,000.00, for the taking of their land * * *."

The cause later came on for pre-trial conference on January 27, 1964, at which time the parties stipulated that the case was at issue and no amendments to the pleadings were necessary; that a jury was not waived; that formal identification was waived as to photos of the improvements and a map of the area; and that the parties were ready for trial, which was set for May 11, 1964. No trial was had. On January 18, 1966, the defendants by written application were successful in getting the case stricken from trial on that date, to be reset by agreement of the parties.

On October 11, 1966, defendants filed their motion for summary judgment and challenge to the jurisdiction of the court, pointing out that the property described in the petition, notice, order appointing commissioners, and their report, was not the description of defendants' property, and alleging that the court had no jurisdiction over defendants for the reason that defendants "do not own" the real estate "being condemned" by plaintiff.

On May 16, 1967, the case was stricken from the trial docket with directions to the parties to submit briefs of legal authorities on the legal propositions involved. Thereafter on August 9, 1967, the City filed an application asking leave of court to amend the petition and commissioners' report to correct the error in the description of the property owned by the Lockerts and being condemned, and alleging that all parties had acted as though the property had been correctly described, that the error was a mutual mistake and none of the parties had been mislead. Attached to the brief in support of this application was the affidavit of the three commissioners, reciting that they did not inspect the property de-

scribed as being located in the *southwest* quarter, but actually inspected and assessed the injury to the owners of the one-half acre in the southeast corner of the *southeast* quarter of Sec. 34, Township 11 North, Range 4 West in Oklahoma County; that they inspected the property owned by the Lockerts in the southeast quarter of Sec. 34, "because it was represented to us by the parties in this cause that such was the property being appropriated;" and that they had conversations with the Lockerts on the property, and from the inspection and conversation prepared their report.

As above described, the court denied City's application to amend, rendered judgment "for and on behalf of the defendants," and dismissed the defendants Lockerts as parties defendant.

City contends that the court abused its discretion and erred in denying City's application to amend to correct the legal description of the property.

Title 12 O.S.1961, § 317, provides in effect that the court may, before or after judgment, in furtherance of justice, amend any pleading, process or proceeding, or correct a mistake in any respect, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense.

In construing the effect of this statute, we have held that the statute is remedial in purpose, and that amendments to pleadings and process in furtherance of justice are favored, and a trial court should be liberal in their allowance. Wilkinson v. Chicago, Rock Island and Pacific R. Co., Okl., 420 P.2d 914; Weston v. Acme Tool, Incorporated, Okl., 449 P.2d 887; Tyler Boat Works v. Schreiner, 194 Okl. 601, 153 P.2d 1004. We have recognized the rule that in the absence of an abuse of discretion the ruling of the trial court in granting or refusing amendments to pleadings will not be disturbed on appeal. Wilkinson, supra.

No Oklahoma cases are cited regarding amendment of pleadings and filings in eminent domain proceedings. However, it ap-

pears that the general rules applicable to the amendment of pleadings are ordinarily recognized in condemnation proceedings, and eminent domain proceedings can be amended at the instance of the condemnor so long as there is no prejudice to any substantial rights of the property owners. 27 Am.Jur.2d, Eminent Domain, § 398, p. 277; 29A C.J.S. Eminent Domain § 265; Nichols on Eminent Domain, 3rd Edition, Vol. 5, § 26.1123, pp. 190, 191; Concannon v. State Roads Commission, 230 Md. 118, 186 A.2d 220.

In Blissfield Community Schools District v. Strech, 346 Mich. 186, 77 N.W.2d 785, in an eminent domain proceeding to condemn a school site, it was conceded that the petition as originally filed did not correctly describe the property of the defendant that the school board desired to obtain. It was held, citing authorities, that amendment to the petition to correctly describe the property to be taken was proper, especially where the defendant was not prejudiced.

■ As a matter of fact, in the present case, an examination of the petition and resolution of necessity attached as an exhibit would have revealed to defendants the discrepancy in the descriptions. The resolution correctly described the property and authorized commencement of the condemnation proceeding for the purpose of acquiring the property. We have held numerous times that where there is a variation between the allegations of the petition and the copy of the exhibit attached thereto, upon which the action is founded, the provisions and terms of the exhibit will control. Williams v. Phillips Petroleum Company, Okl., 406 P.2d 474, 477.

In the present case it is clear that the City and the named defendants proceeded upon the assumption that the property was correctly described in the petition and through the filings to and including the commissioners' report and defendants' application to withdraw the $25,000.00. Defendants were not misled in any degree. They appeared before the court in response to the notice. There is no claim that the commissioners inspected any property other than that owned by the defendants. The record reflects that the commissioners did in fact inspect defendants' property. In their application for disbursement of the $25,000.00 to them the defendants recognized, although erroneously, that the description had reference to the land owned by them, and asked for the fund "for taking of defendants' land." We fail to see wherein defendants have been misled or prejudiced.

■ Furthermore, the circumstances support the conclusion that defendants have waived any deficiencies in the proceedings. In City of Indianapolis v. John Clark, Inc., 245 Ind. 628, 196 N.E.2d 896, the court held that the owner of real property, by appearing and voluntarily participating in all aspects of condemnation proceedings, waived all of many procedure deficiencies therein including a defect in the land description in one notice of hearing.

See also Henry v. United States, 46 F.2d 640 (3rd Cir. 1931); Winslow v. Baltimore & O. R. Co., 208 U.S. 59, 28 S.Ct. 190, 52 L.Ed. 388; and 27 Am.Jur.2d, Eminent Domain, § 494, p. 444.

Defendants rely on Lacik v. Colorado, T. & M. R. Co. (1909), 25 Okl. 282, 105 P. 655, in which the court held that the notice required to be given by the condemnor (now found in 66 O.S.1961, § 53), was prerequisite to the jurisdiction of the court, and that where the notice was neither signed by the party nor by its officer, agent or attorney as such, the notice was insufficient and the condemnation proceedings were void. There is no statement of facts in the case, other than above stated, and consequently we are unable to ascertain whether the property owner participated or initially raised the issue of insufficiency. The case is not applicable to the present situation. The present notice is properly signed and there is no question that defendants were served and participated in the initial hearing and all proceedings thereafter, including withdrawal of the amount of the commissioners' award.

Defendants also rely on State ex rel. Department of Highways v. Zabloudil, 206

Okl. 286, 242 P.2d 710, in which we stated the rule that proper notice, issuance and service are prerequisite to the court acquiring jurisdiction of a condemnation proceeding. We accept this as the general rule. However, we fail to see how the statements of the general rule benefits defendants in the present case, where by a combination of an otherwise proper notice, except for an error in property description, coupled with defendants' full participation in the proceedings, resulted in defendants finding the commissioners' award acceptable for their property and then withdrawing the amount thereof from the court clerk. Defendants have acquiesced and consented to the jurisdiction of the court.

Defendants also rely on Tipton v. Standard Installment Finance Company, Okl., 418 P.2d 309, for the proposition that a party must make timely request and exercise diligence in requesting leave to amend pleadings. It should be noted that in the cited case and in Southwestern Broom & Warehouse Co. v. City Nat. Bank, 52 Okl. 422, 153 P. 204, cited therein, the proposition of lack of diligence in requesting permission to amend, and waiver or loss of privilege of amending by failure to request it, were enforced in situations where a party neglected to act when faced with an urgent need to amend or run the risk of an immediate adverse judgment against him. That is not the situation in the present case. Here, the proceeding was pending for years before defendants apparently discovered the error in the description, and, while the City may have delayed in requesting an amendment, there was no immediate pressing need to do so. The matter was not at trial and defendants were not prejudiced by City's delay in asking to amend. The land had been taken and reduced to City's possession, and defendants had withdrawn the commissioners' award years before.

It is our conclusion that under the present circumstances and in furtherance of justice the City was entitled to amend the petition and subsequent filings in the case, including the commissioners' report to reflect the correct description of the property, without prejudice to the City's demand for a jury trial filed in the cause. The trial court erred in denying the City leave to do so.

In Shade v. Miller, 131 Okl. 23, 267 P. 626, we said that where a trial court rejects an amendment, which upon its face, taken in connection with the entire record, shows that justice was evidently defeated by the rejection of the same, the judgment will be reversed.

The judgment denying City the right to amend, and the summary judgment in favor of defendants and dismissing them as parties defendant, is reversed with directions to reinstate the eminent domain proceeding to its original status, and permit the amendment without prejudice to City's demand for jury trial.

All Justices concur.